## NEUSTADTER et al. v. CHICAGO DRY-GOODS CO.

(District Court, D. Washington, E. D.   September 15, 1899.)

1. BANKRUPTCY—INVOLUNTARY PETITION—INTERVENTION.

Where the issues arising upon a petition in involuntary bankruptcy were decided adversely to the petitioners, and an order made dismissing the proceedings, no notice of the proposed dismissal being given to the other creditors, and thereafter an intervening petition was filed by creditors who had not previously appeared, charging collusion between the original parties and the introduction of false evidence, and asking for an order reinstating the case and for leave to present new evidence, *held*, that this petition could not be granted, as the time had passed for intervention, but that the said creditors might bring a new and independent petition in bankruptcy against the debtor, based on grounds existing at the time of its filing, in the prosecution of which they would not be estopped by the judgment of dismissal.

2. SAME—DISMISSAL OF PROCEEDINGS—NOTICE TO CREDITORS.

The provisions of the bankruptcy act, that "creditors shall have ten days' notice of the proposed dismissal of the proceedings" (section 58), and that a "petition shall not be dismissed by the petitioners or for want of prosecution or by consent of parties until after notice to the creditors" (section 59), relate only to dismissals which withdraw the case without its having been submitted to the court for decision on the merits, and not to dismissals which follow as the result of a trial or hearing on the merits.

3. SAME—OBJECTIONS TO INTERVENTION—DEMURRER.

Where, after a petition in involuntary bankruptcy has been tried and dismissed, other creditors file a petition asking to have the case reinstated, and for leave to intervene and prosecute it, the proper method of presenting objections to such petition is not by demurrer, but by motion to strike it from the files.

In Bankruptcy.

The referee, after hearing the evidence, made findings adverse to the petitioning creditors; and, without opposition on their part, an order dismissing the proceedings was signed by the judge at chambers, no notice of the proposed dismissal having been given to other creditors. Thereupon creditors who had not previously appeared filed a petition reiterating the charges against the defendant contained in the original petition, and also alleging that the evidence submitted to the referee as to the amounts of the defendant's assets and liabilities was untrue, and that the prosecution of the case had been abandoned by the original petitioners pursuant to a collusive arrangement between them and the defendant whereby said petitioners were to secure an unlawful preference in the payment of their debts, and praying for an order reinstating the case, and for leave to introduce additional evidence. Heard on demurrers to the intervening petition filed by the original petitioners and by the defendant. Demurrers sustained.

E. H. Belden, Binkley & Taylor, and Danson & Huneke, for interveners.

Stern, Hamblen & Lund, for original petitioners.

Mount & Merritt, for defendant.

HANFORD, District Judge. The defendant's answer to the original petition admitted the giving of a mortgage as security to one of its creditors, but denied insolvency, and this issue has been tried and fully adjudicated as between all parties who were before the court at the time. As to them the judgment is final and conclusive, unless it be reversed for error or impeached for fraud; but strangers to the record are not estopped, and they cannot be hindered by it from relitigating the same questions in any lawful proceeding. The fifty-eighth section of the bankruptcy law provides that "creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed with the papers in the case by the creditors, unless they waive notice in writing, of * * * (8) the proposed dismissal of the proceedings"; and the fifty-ninth section provides that "a voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners or for want of prosecution or by consent of parties until after notice to the creditors." It is my opinion that these provisions of the law relate to dismissals which in effect withdraw the cases without submission to the court for its decision upon the merits, and there appears to be no requirement of notice, to creditors who have not appeared, of trials or hearings in involuntary cases; but, if the law does require notice to all creditors of hearings upon the merits, still the rendering of a final judgment without notice to the creditors would be an irregularity or error, the effect of which would be to make the judgment voidable or reversible as to parties to the record, and void as to others. In this case the original petitioners and the defendant have by their opposition to the petition of the interveners waived all their rights to assail the judgment, and it is contrary to good practice to permit new parties whose rights are in no way affected to come in now to disturb it. These interveners are at liberty to commence a new and independent proceeding for the assertion of their rights, and this judgment cannot be pleaded against them, for the reason that, as they were not notified, the court did not have jurisdiction to render a judgment binding them.

The fifty-ninth section gives to creditors, other than the original petitioners, the right to "at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition." This provision must necessarily be construed to give the right to join in the petition only during the pendency of the proceedings. There is no right given to other creditors to come in and take the conduct of a case out of the hands of the original petitioners, and it cannot reasonably be presumed that congress intended to authorize different creditors to come in successively and retry issues which have been decided, and in that way make the pendency of involuntary cases perpetual.

It is insisted that, unless this case can be reopened, the interveners will be prejudiced, because the lapse of time since the giving of the mortgage which was specified in the original petition as an act of bankruptcy will prevent any attack upon that transaction in a new proceeding, and the preference given to the mortgagee cannot be

avoided. This may be conceded, but the rights of the parties are fixed by law, and the consequences of delay on the part of the interveners must be the same, whether they commence proceedings in their own behalf in a new case, or take up the old case at the point where the original petitioners left it; for, since the time has gone by for them to join in the original petition, they must fight their own battle, and on grounds existing at the time of their first appearance in court.

I consider that the demurrers are out of place. The objections to the petition should have been presented by a motion to strike it from the files. However, the objections to the petition are necessarily fatal, in whatever way they may be urged, and therefore the demurrers are sustained.