## In re MATTHEWS.

(District Court, S. D. Iowa, E. D. November 29, 1899.)

1. BANKRUPTCY—FEES AND COSTS—FILING FEE.

General order No. 10, in bankruptcy, providing that the clerk, marshal, or referee, before incurring expenses of certain kinds, may require the bankrupt or other person in whose behalf the duty is to be performed to furnish indemnity for such expenses, and that money advanced by the bankrupt or other person for this purpose shall be repaid him out of the estate, does not apply to the fee of $25 which the clerk is directed to collect upon the filing of a voluntary petition in bankruptcy; and this money is not to be returned to the bankrupt.

2. SAME—ATTORNEY'S FEE PAID BY BANKRUPT.

A bankrupt is not entitled to be reimbursed, out of the funds in the hands of his trustee, for money paid by him to his attorney before the filing of the petition, as a fee for professional services rendered in preparing the petition and schedule and in connection with the property.

In Bankruptcy.

Payne & Sowers, for bankrupt.

SHIRAS, District Judge. In the application filed on behalf of the bankrupt it is averred that, at the time he filed his petition to be adjudged a bankrupt, he was required to deposit with the clerk the sum of $25, to meet the costs and fees of officers in the proceeding; and he now asks that the trustee may be ordered to repay this amount to him, under the provisions of general order No. 10, which provides that before incurring expense in publishing or mailing notices, or in traveling, or in procuring attendance of witnesses, or in perpetuating testimony, the clerk, marshal, or referee may require from the bankrupt, or other person in whose behalf the duty is to be performed, indemnity for such expense, and the money advanced for the purposes named shall be repaid out of the estate, as part of the cost of administration. The provisions of general order No. 10 do not apply to the deposit of $25, which the clerk, under section 51 of the bankrupt act, is required to collect from the bankrupt when he files his petition. The money thus collected by the clerk is intended to cover the statutory fees to be paid to the clerk, referee, and trustee as compensation for their services; and being paid to the clerk when the petition is filed, the amount of the estate passing to the trustee is lessened by that sum, and, if this amount should be now returned to the bankrupt, he would be receiving part of his estate as it belonged to him before he filed his petition, which estate by the adjudication became in fact the property of the creditors. The provisions of general order No. 10 are intended to cover money which the bankrupt or some third party may be called upon to furnish after the initiation of the proceedings in order to meet expenses incurred by the officer for the purposes specially recited in the order, which purposes do not include the money deposited with the clerk to meet the fees (not expenses) of the clerk, referee, and trustee. Money thus advanced, if the bankrupt has met the requirements of the law with respect to turning over his estate to his creditors, is deemed to have been obtained from sources other than the estate

belonging to the creditors, and therefore provision is made for its repayment out of the estate. The purpose of the order is to protect the officers from personal loss in the performance of their duties under the bankrupt act, but it is not the intent of the order that the bankrupt shall be repaid the money which presumably he took out of his estate to pay the fees of officers before he filed his petition in bankruptcy.

It is further averred in the application of the bankrupt that he was compelled, by threats of attachment, to take the benefit of the bankrupt act, in order to preserve his estate for equitable distribution among his creditors, and to that end he was compelled to employ counsel to prepare his petition, and perform other services in connection therewith, which resulted in securing his estate to his creditors for distribution under the bankrupt act, and that for these services he paid his attorneys the sum of $150; and he now asks that this amount be repaid him out of the estate, relying upon the provisions of general order No. 10 and of section 64 of the bankrupt act as grounds for the order asked. According to the showing made, the bankrupt, before the filing of his petition in bankruptcy, took out of his estate the sum of $150 to pay his attorney for legal services rendered in preparing his petition and schedules in bankruptcy, and possibly for other legal services which it may be admitted were of value to the creditors. These services have been paid for, however, and the payment was made out of the estate of the bankrupt; so that, in effect, the creditors have already made good the amount. If the bankrupt had not paid this sum to his attorney, it would have formed part of his estate, which he would have been in duty bound to transfer to his trustee. Instead of so doing, he took it out of his estate and paid it to his attorney, but by so doing he did not create any legal or equitable right to demand a repayment thereof out of his estate. Under the provisions of section 64 of the bankrupt act, the court may allow, as part of the cost of administration, a reasonable fee to an attorney for professional services rendered to a voluntary bankrupt; but this provision is intended to secure to the bankrupt proper professional aid after he has, by conveying his estate for the benefit of creditors, possibly put it out of his power to secure the services of an attorney, but this case, under the facts set forth in the application of the bankrupt, is not one coming within the meaning of this section. The orders asked by the bankrupt are therefore refused.