LACKAWANNA LEATHER CO. et al. v. LA PORTE CARRIAGE CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1914.)

No. 1,998.

1. PLEADING (§ 127*)—ANSWER—DENIAL—DOUBLE NEGATIVE.

　　An alleged bankrupt filed an answer, denying that it had committed the acts of bankruptcy alleged in the petition, or that it was insolvent, or at the time of filing such involuntary petition in bankruptcy was insolvent, and "that it should not be declared a bankrupt for any cause in said pe-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tition alleged." *Held*, that the second negative was intended from the context as an additional independent denial, and hence the answer could not be construed as a confession that respondent should be declared a bankrupt.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. § 127.*]

2. BANKRUPTCY (§ 89*)—INVOLUNTARY PETITION—ANSWER—VERIFICATION.

Where an involuntary bankruptcy petition is verified on information and belief, the petitioners are not entitled to have a better verification of the answer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. § 89.*]

3. BANKRUPTCY (§ 82*)—ANSWER—VERIFICATION—DEFECTS—WAIVER.

Where an involuntary bankruptcy petition is heard on the merits without objection to the pleadings, the fact that one or more of them is verified on information and belief only is immaterial.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 123; Dec. Dig. § 82.*]

4. BANKRUPTCY (§ 95*)—INVOLUNTARY PETITION—ADJUDICATION—REFERENCE TO MASTER.

Where in involuntary bankruptcy proceedings, the alleged bankrupt and a creditor filed separate answers, both denying the material allegations of the petition, only one issue was thereby presented, and hence the petitioning creditors were not relieved from the duty to appear before the special master and try such issue, because the order of reference only submitted the issue formed by the petition and the "answer" thereto, instead of referring the issue presented by the petition and both answers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. § 95.*]

5. BANKRUPTCY (§ 95*)—ISSUE—SUBMISSION TO MASTER—REPORT—SUMMARY OF EVIDENCE.

Under Gen. Bankr. Order 27 (89 Fed. xi, 32 C. C. A. xi), providing for a certification of the summary of the evidence, report of a special master, setting forth the substance of the testimony, was not objectionable, in the absence of any request made at the time that the testimony be returned verbatim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. § 95.*]

6. BANKRUPTCY (§ 61*)—ACT OF BANKRUPTCY—ADMISSION—EVIDENCE.

A letter, written by the president of an alleged bankrupt corporation, asking for a conference with creditors, and stating that the corporation was unable to meet its obligations promptly and continue the business, having been handicapped by having too much invested in the plant and too little working capital, though it appeared that it could procure sufficient business if it could put itself in shape to take care of it, did not constitute a confession of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 61.*]

7. BANKRUPTCY (§ 91*)—ASSETS—TRUE CASH VALUE—FAIR VALUATION.

On an issue of insolvency in an involuntary bankruptcy proceeding, an objection to proof of the "true cash value" of the alleged bankrupt's property, in that "fair valuation" was the test required by the Bankruptcy Act, was unsustainable, since the burden assumed by the alleged bankrupt was at least as heavy as that prescribed by the statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 137–139; Dec. Dig. § 91.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. **BANKRUPTCY** (§ 100*)—ACT OF BANKRUPTCY—DENIAL—REHEARING.

Where an alleged bankrupt was found not to have committed an act of bankruptcy, a motion by the petitioning creditors for rehearing, which merely repeated such creditor's original charge on information and belief that the alleged bankrupt was insolvent, but contained no statement of procurable evidence with which to combat the evidence of solvency previously offered, was properly denied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

9. **BANKRUPTCY** (§ 100*)—INVOLUNTARY PROCEEDING—DISMISSAL—STATUTES.

Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), § 58a, providing that creditors shall have at least 10 days' notice of the proposed dismissal of the proceedings, contemplates notice to other creditors when the petition is about to be dismissed for want or prosecution or consent of the parties already in court, and does not apply to dismissal of an involuntary petition on the merits after hearing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

Appeal from the District Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

In the matter of bankruptcy proceedings of the La Porte Carriage Company. From an order adjudging that the respondent was not a bankrupt and dismissing the petition, the Lackawanna Leather Company and others, petitioning creditors, appeal. Affirmed.

Appellants on November 12, 1912, filed their petition against the appellee, a corporation, alleging that appellee was insolvent and had on November 7, 1912, while insolvent, transferred a portion of its goods to one of its creditors with intent to prefer such creditor. On the same day appellants also filed a petition asking the court to appoint a receiver, and the court at once made such an appointment.

On December 2, 1913, appellee filed its answer, in which it "denies that it has committed any of the acts of bankruptcy set forth in said petition, or that it is insolvent, or at the time of filing such involuntary petition in bankruptcy was insolvent, and that it should not be declared bankrupt for any cause in said petition alleged." At the same time the Cudahy Packing Company, a creditor, filed an answer denying the allegations of the petition.

Upon December 4, 1912, the judge referred the petition of appellants and the "answer" (not answers) to a special master with instructions "to set a day for hearing, and notify the parties, and to take the testimony in said matter and report the same to this court, together with his findings of fact and conclusions of law."

On January 11, 1913, the special master filed his report, in which he showed that on December 26, 1912, he set the cause for hearing at the court house in La Porte, Ind., on January 9, 1913, and notified the parties in interest and also their attorneys of record, and that at the time and place set for hearing the cause came on for hearing, and that appellants and their counsel failed to appear. The master further reported that appellee by counsel and the Cudahy Packing Company by counsel were present, and called one Parkhurst, president of appellee, as a witness, and that the witness was sworn and examined. The master then certified that said witness "testified in substance as follows," setting out in narrative form Parkhurst's statements that the real estate, plant and machinery of appellee on November 7, 1912, were of the cash value of $240,000, against which there was a bonded indebtedness of $64,500, and that the merchandise then on hand was worth in cash $61,000, and that there were accounts receivable worth $7,500 net, and that all of appellee's indebtedness in excess of said bonded indebtedness was $60,000.

In appellants' petition for the appointment of a receiver is set out a letter

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which the president of appellee had sent on November 8, 1912, asking for a conference with its creditors. In this letter, after a statement of the floating debt, the following statement appears: "While this amount is not large, we are unable to meet these claims promptly and continue our business. We hope to have a full representation and have you examine our plant and equipment for doing business. We have been handicapped by having too much invested in our plant and too little working capital. It looks as though we could procure business enough if we could put ourselves in shape to take care of it."

On February 10, 1913, appellants filed certain exceptions to the report of the special master. These exceptions are noticed in the opinion. And at the same time appellants filed a motion that they be granted leave to dismiss, and that 10 days' notice be given to all creditors of the contemplated dismissal, or that the original petition for adjudication be again referred to a special master. This petition alleged that appellants believed that appellee "is hopelessly insolvent," but failed to tender or refer to any evidence, newly discovered or otherwise, in support of the alleged belief. And on February 13, 1913, the court overruled said exceptions and motion and entered the decree appealed from, adjudging that appellee was not and is not a bankrupt, and that the petition be dismissed with costs.

Israel Cowen, of Chicago, Ill., for appellants.

Ellsworth E. Weir, of La Porte, Ind., and Eugene H. Garnett, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). [1] Counsel for appellants urges with evident good faith that the decree must be reversed on account of appellee's confession in its answer that it should be declared a bankrupt. This confession is said to be brought about by the wording of the answer to the effect that appellee denied that it should not be declared a bankrupt. But the argument overlooks the phrases that immediately follow the word "denies," and couples the second negative with the original denial, while the second negative was evidently intended, from the context, to be an additional independent denial. At all events, after a hearing upon the petition and the answer without objection, there is no merit in the assignment.

[2, 3] Counsel challenges the sufficiency of the verification of appellee's answer. But on examination of the record it appears that it is the appellants' own petition, and not appellee's answer, that is verified on information and belief. But if appellee's answer had been only verified in the same way, appellants could not well call for a better verification than they gave. This matter, also, became utterly immaterial when the case was heard on these pleadings without objection.

[4] An insistence is made that the order of reference is insufficient to support any decree based upon a report under the reference, on the ground that the matter submitted to the special master was the issue formed by the petition and "the answer thereto." The point is that since the appellee and a creditor had each filed an answer, appellants could not be required to pay any attention to this ambiguous order of reference. But as both answers were denials of the material allegations of the petition, only one issue was in fact presented, and a trial upon the petition and either answer would determine that issue.

[5] Objection is made to the master's report because it does not set out the evidence in obedience to the order of reference, but only

states that the witness "testified, in substance, as follows." No request was made at any time that the testimony be returned verbatim. General Order 27 (89 Fed. xi, 32 C. C. A. xi) provides for the certification of "a summary of the evidence."

[6] Against the testimony of the president of appellee given before the master it is claimed that the facts stated in the letter of the president should prevail. But this letter was never introduced before the master, and it only appeared in the ex parte application of appellants for the appointment of a receiver. There is, however, no contradiction between the testimony of Mr. Parkhurst and the statements in the letter. This letter is far from admitting any cause for an adjudication of bankruptcy. It merely admits that appellee's floating indebtedness cannot be met promptly. The view presented is that too much capital is invested in plant in proportion to the working capital.

Counsel also insists that under section 3 of the Bankruptcy Act, relating to the burden of proof, appellee had the burden of establishing that no cause existed for an adjudication of bankruptcy. We shall not stop to analyze the various provisions of this section, because if the burden was upon the appellee, that burden was fully met.

[7] Objection is also made to the proof of the "true cash value" of the property, when "fair valuation" is the test required by the statute. We are of the opinion that appellee assumed at least as heavy a burden as the statute required in this respect.

It is also claimed that the proof is insufficient because the date with respect to solvency was given as November 7th instead of November 12th, when the petition was filed. But November 7th was the date of the alleged preference, and to constitute a preference it was necessary that appellee while insolvent should have made a transfer. So that, even if the presumption of a continuation of solvency from November 7th to November 12th could not be indulged, yet an adjudication of bankruptcy could not be rendered in the face of the proof that appellee had committed no act of bankruptcy.

[8] Appellants' motion to have the matter resubmitted was without merit. It simply repeated the appellants' original charge on information and belief that appellee was insolvent, but contained no statement of any procurable evidence with which to combat that which had been offered by the appellee.

[9] The alternative of the motion, namely, that appellants be permitted to dismiss the petition after 10 days' notice to all creditors, was likewise without merit. Section 58a contemplates notice to other creditors when the petition is about to be dismissed for want of prosecution or by consent of the parties already in court, and has no application to a dismissal of the petition on the merits after a hearing. Neustadter v. Chicago Dry Goods Co. (D. C.) 96 Fed. 830, 3 Am. Bankr. Rep. 96; Cummins Grocer Co. et al. v. Talley, 187 Fed. 507, 109 C. C. A. 273, 26 Am. Bankr. Rep. 484.

The decree is affirmed.