In re CRISP.

(District Court, E. D. Tennessee, N. D. February 5, 1917.)

No. 1787.

1. BANKRUPTCY ⨺475—VOLUNTARY PROCEEDINGS—OATH OF POVERTY—COST OF PUBLICATION.

Bankr. Act July 1, 1898, c. 541, § 51a (2), 30 Stat. 558 (Comp. St. 1913, § 9635), authorizing a petition in voluntary bankruptcy to be filed without the prepayment of the filing fees, when accompanied by the petitioner's affidavit that he is without, and cannot obtain, the money to pay such fees, relates only to the statutory fees of the officers as compensation for their services, not to expenses incurred by them, and such oath does not relieve a petitioner from his obligation under General Order in Bankruptcy No. 10 (89 Fed. vi, 32 C. C. A. vi) to furnish indemnity, when required, to enable the requisite notice to creditors to be published.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 885; Dec. Dig. ⨺475.]

2. BANKRUPTCY ⨺475—VOLUNTARY PROCEEDINGS—DISMISSAL—WANT OF PROSECUTION.

Where a petitioner in voluntary bankruptcy, without excuse or mischance appearing, fails to indemnify the referee, when required, for the cost of publishing notice to creditors in time to enable such notice to be published and the meeting held, his petition may be and should be dismissed for want of prosecution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 885; Dec. Dig. ⨺475.]

3. BANKRUPTCY ⨺475—VOLUNTARY PROCEEDINGS—DISMISSAL—STATUTES—NOTICE.

The provisions of Bankr. Act July 1, 1898, c. 541, §§ 58a, 59g, 30 Stat. 561, as amended by Act June 25, 1910, c. 412, §§ 9½, 10, 36 Stat. 841 (Comp. St. 1913, §§ 9642, 9643), that no application for the dismissal of a voluntary or involuntary petition in bankruptcy shall be entertained until 10 days' notice has been sent to creditors of the proposed dismissal, relate only to dismissals on application of a party in interest, and do not apply to the dismissal of a voluntary petition on initiation of the court for the bankrupt's failure to take the preliminary steps necessary to bring the creditors before the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 885; Dec. Dig. ⨺475.]

In Bankruptcy. In the matter of the voluntary proceedings of Frederick Ambrose Crisp, bankrupt. On referee's certificate recommending that the petition be dismissed for want of prosecution. Petition dismissed.

G. H. Mynatt, of Knoxville, Tenn., for bankrupt.
W. J. Donaldson, of Knoxville, Tenn., pro se.

SANFORD, District Judge. The referee, on January 25, 1917, filed a certificate showing, in substance: that Crisp, on November 23, 1916, filed his voluntary petition in bankruptcy, accompanied by an affidavit of poverty and without prepayment of the statutory filing fees,

⨺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and was adjudged a bankrupt on November 24, 1916; that his schedules disclosed no assets out of which any expenses of the proceeding may be paid; that, there being no funds out of which to pay the expense of publishing notice of the first meeting of creditors required by section 58b of the Bankruptcy Act, the referee, to whom the case had been referred, and who was required to give such notice under section 58c of the Bankruptcy Act, forthwith made demand on the bankrupt for indemnity against such expense, with notice that in default thereof, recommendation would be made that the petition be dismissed; that notwithstanding this and a subsequent demand on the bankrupt for such indemnity, he has failed to furnish the same; that the thirty days within which section 55a of the Bankruptcy Act requires the first meeting of creditors to be held, except in case of mischance, has long since expired; and that as no action has or can be taken in the matter, the proceeding has reduced itself to a frivolous and vexatious state: and he therefore recommends that an order be made dismissing the bankrupt's voluntary petition herein. Due notice of this certificate has been given to the bankrupt, who has not appeared in opposition thereto, either in person or by attorney, or shown any mischance or other excuse for failing to furnish the required indemnity, or made any application for an extension of time therefor.

[1, 2] Section 51 a (2) of the Bankruptcy Act, which authorizes a petition in voluntary bankruptcy to be filed without prepayment of the fees of the clerk, referee and trustee, commonly called the filing fees, when accompanied by the petitioner's affidavit that he is without, and cannot obtain, the money to pay such fees, relates only to the statutory fees to be paid to the clerk, referee and trustee as compensation for their services, and has no reference to the expenses incurred by the officers of the court in the bankruptcy proceedings. In re Matthews (D. C.) 97 Fed. 772. And see In re City Contracting Co. (D. C. Hawaii) 30 Am. Bankr. Rep. 133, 150. By the 10th General Order in Bankruptcy (89 Fed. vi, 32 C. C. A. vi) it is specifically provided that before incurring any expense in publishing or mailing notices, traveling, procuring the attendance of witnesses, or perpetuating testimony, the clerk, marshal or referee may require, from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense; and that the money advanced for this purpose by the bankrupt or other person shall be repaid him out of the estate as part of the cost of administration. It is, in view of these provisions, entirely clear that the filing by a voluntary bankrupt, under section 51 of the Bankruptcy Act, of the oath of poverty in lieu of the prepayment of the statutory filing fees, does not relieve him from the obligation, under the 10th General Order, of furnishing indemnity, when required, before the referee incurs any expense in publishing or mailing notices of the first meeting of creditors. And clearly, where such bankrupt, without excuse or mischance appearing, fails to indemnify the referee, when required, within such time as will enable the requisite notice to creditors to be published and mailed, the first meeting of creditors held, and the administration of the estate proceeded with,

his petition in bankruptcy may, and in my opinion should, be dismissed for want of prosecution. See Buck v. Felder (D. C. Tenn.) 208 Fed. 474, and the cases therein cited as to the authority of a court of equity to dismiss a cause for want of prosecution; and In re Jones (D. C. Tenn.) 209 Fed. 717, and the cases therein cited, as to the conduct of proceedings in bankruptcy in accordance with the practice in equity.

[3] It is furthermore clear that the provisions of sections 58a and 59g of the Bankruptcy Act, as amended by sections 9½ and 10 of the Act of June 25, 1910, c. 412, 36 Stat. 838, that no application for the dismissal of a voluntary or involuntary petition shall be entertained until ten days notice has been sent to creditors of the proposed dismissal, when read together, relate only to dismissals upon application of a party in interest, and do not apply to the dismissal of a voluntary petition, upon the initiation of the court, and for the protection of its officers from the continuance of merely futile proceedings, on account of the bankrupt's own failure to take the preliminary steps necessary to bring the creditors before the court. See, by analogy, clause 4 of the 35th General Order in Bankruptcy (89 Fed. xiv, 32 C. C. A. xiv), providing for the dismissal of such petition, at any time, "after notice to the bankrupt," for failure to obey an order requiring him to pay statutory filing fees that he then has or can obtain, which makes no provision for notice to creditors in such case.

A decree will accordingly be entered dismissing the bankrupt's voluntary petition for want of prosecution.