## In re THORPE.

## CLEVELAND & SON et al. v. THORPE.

(Circuit Court of Appeals, Seventh Circuit.
April 22, 1926.)

No. 3658.

**Bankruptcy** ⬲48.

A debtor may withdraw a voluntary petition filed by him, after due notice to creditors, at any time before adjudication.

Appeal from the District Court of the United States for the Western Division of the Northern District of Illinois.

In the matter of Harris Thorpe, bankrupt. Cleveland & Son and others appeal from an order dismissing voluntary petition. Affirmed.

F. J. Tilton, of Rochelle, Ill., for appellants.

Fred E. Gardner, of Rochelle, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appeal from an order dismissing bankrupt's voluntary petition for an adjudication in bankruptcy. Thorpe, an insolvent farmer, filed a voluntary petition in bankruptcy, which the clerk, in the absence of the judge, at once referred to the referee. On the same day, before further action was taken thereon, petitioner asked to withdraw his petition. Due notice of hearing was given to the creditors and several filed objections. No evidence was offered, whereupon the referee ordered the petition dismissed. This order was affirmed.

While no evidence was offered on the hearing, a stipulation was filed, the material part of which read: "Between the time of the filing of the petition in bankruptcy and the time of filing the petition to withdraw said petition in bankruptcy, said bankrupt committed no act or deeds which changed his financial situation, nor was there anything done by any of the creditors which in any way affected the financial situation of either the said Thorpe or any of his creditors."

Appellants relied upon Ex parte Harris, Fed. Cas. 6,110, contending that, "upon the filing of a voluntary petition in bankruptcy creditors acquire an interest in the estate which cannot be defeated by the petitioner withdrawing his petition." Appellee was unable to find any decision supporting his position, but relied upon section 18 of the Bankruptcy Act (Comp. St. § 9602).

The court's search has not produced any final or decisive adjudication of the question. However, in the Matter of Mason-Seaman Transp. Co. (D. C.) 235 F. 974, Matter of Crisp (D. C.) 239 F. 419, In re McKee (D. C.) 214 F. 885, Lackawanna Leather Co. v. La Porte Carriage Co., 211 F. 318, 127 C. C. A. 604, Neustadter v. Chicago Dry Goods Co. (D. C.) 96 F. 830, In re Rosenblatt & Co., 193 F. 638, 113 C. C. A. 506, and Collier on Bankruptcy, vol. 2, p. 1198, there appears support for the action of the district court.

In Re Joseph Feldman (District Court of the Northern District of Illinois [unpublished] the ruling of the referee was approved, which denied petitioner's application to dismiss after adjudication, no evidence having been introduced in support of such relief.

In his decision, Referee Wean, we think, correctly stated the law to be: "Until there is an adjudication, the proceeding is, as to the discharge at least, a suit in personam; after adjudication it is a proceeding in rem as well as in personam. *It may be conceded as true that proceedings in personam are generally in control of the parties, and are subject to withdrawal or dismissal by their consent* at any time before final decree. In bankruptcy, this general right to dismiss by consent or for want of prosecution * * * is subject to the restriction that, when the petitioner moves to dismiss, his creditors must receive 10 days' notice of the proposed dismissal. But after adjudication the rights and relations of parties change substantially."

It is argued that bankrupt being a farmer, against whom no involuntary petition could be filed, changes the situation. We, however, see no reason why such fact should take from one who institutes proceedings the right to dismiss them before the rights of adverse parties are affected thereby.

The decree is affirmed.