## In re ERIE CITY AIRPORT, Inc.
### No. 15188.

District Court, W. D. Pennsylvania.
April 17, 1930.

Emmett C. Wilson, of Erie, Pa., for petitioning creditors.

Gunnison, Fish, Gifford & Chapin and A. Grant Walker, all of Erie, Pa., for alleged bankrupt.

GIBSON, District Judge.

On November, 2, 1929, an involuntary petition in bankruptcy was filed against the Erie City Airport, Inc., by three former employees. The only act of bankruptcy alleged was that, while insolvent, the alleged bankrupts "did admit in writing their inability to pay their debts, viz.:

"October 11th, 1929.
"Mr. Elmer W. Goodwill, Erie, Penna.

"Dear Sir: Reference your letter this date, relative to your charges against the company for labor:

"I regret very much that the Company at the present time cannot pay you fellows. Business has been bad, nothing coming in and what we did have is gone.

"Perhaps sometime in the future we can settle up with you, but at the present time, it is impossible.

"Sincerely yours,
"[Signed]   G. B. Harris
"Secy. and Gen. Mgr."

The Erie City Airport, Inc., has moved to dismiss the petition for the reasons, inter alia, that the court is without jurisdiction to entertain the petition, first, because all the petitioners are wage-earners and have a right to priority of payment over other creditors, and are not such persons as are contemplated by the Bankruptcy Act (11 USCA) as creditors entitled to file an involuntary petition; second, that the petition has failed to set forth that the alleged bankrupt admitted in writing its inability to pay its debts and its willingness to be adjudicated a bankrupt on that ground, and that the letter, which is recited as constituting the act of bankruptcy, was one not signed by the debtor or by an officer or agent duly authorized to do so.

An examination of the letter will disclose that it was signed "G. B. Harris, Secy. and Gen. Mgr." No authorization of the corporation appears. It is also apparent that the letter does not measure up to an act of bankruptcy as prescribed by the statute, in that it does not admit in writing the inability of the corporation to pay its debts and its willingness to be adjudged a bankrupt on that ground. The mere averment of inability to pay its debts is not sufficient. Conway v. German (C. C. A.) 166 F. 67; In re Standard Shipyard Co. (D. C.) 262 F. 522; Lackawanna Leather Co. v. La Porte Carriage Co. (C. C. A.) 211 F. 318.

It appearing that notice has been given to creditors as prescribed by order of court, the petition in bankruptcy will be dismissed.