## DE MAYO v. UNITED STATES et al.
### No. 9255.

Circuit Court of Appeals, Eighth Circuit.
April 14, 1932.

Frank Benanti and William G. Lynch, both of Kansas City, Mo., for appellant.

A. B. Lovan, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., and S. M. Carmean, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellees.

Before STONE and BOOTH, Circuit Judges, and WYMAN, District Judge.

STONE, Circuit Judge.

December 28, 1928, Edward Nixon was arrested by prohibition enforcement officers and turned over to the police department of Kansas City, Mo., for detention. Albert De Mayo deposited $2,000 cash bail in the name of George Beardsley, United States commissioner, to secure the appearance of Nixon before the commissioner. The next day a charge was made against Nixon before the commissioner. Nixon did not appear. The cash bail was turned over to the commissioner who turned it over to the clerk of the court, where it is held. About a year later, De Mayo filed an application setting forth various grounds and praying an order on the clerk for the money. The clerk filed a motion to dismiss the petition. On September 2, 1930, the court filed an order denying the application. On March 19, 1931, the court entered an order "withdrawing" the above order and refiling it as of March 19, 1931. This appeal is taken, June 17, 1931, from the order as entered on March 19, 1931.

Appellees insist that the trial court had no jurisdiction to withdraw and re-enter the order as the term had passed within which the order was first entered. Appellant seeks to avoid this situation by contending that the order was never entered upon the records of the court but merely "filed"; that it is not and was not intended to be an order; that it is merely the concluding portion of an opinion and that, if an order, it was not a final order.

The title of the paper is "Opinion and Order of District Court Denying Petition of Albert DeMayo." Toward the end of the order the court states the conclusion reached, and thereafter is the paragraph following:

"The application for an order upon the Clerk requiring him to return this money to DeMayo is denied. It is so ordered.

"September 2, 1930.
"Merrill E. Otis,
"United States District Judge."

The paper was filed with the clerk, marked "Filed," and thus made a part of the record of the court in the matter. The later order is as follows:

"(Order Withdrawing Memorandum and Order and Refiling Same.)

"It is hereby ordered that the memorandum and order made and filed in this case on September 2, 1930, be, and the same is hereby withdrawn, and said memorandum and order is again on this date filed and made a part of the record in this case.

"To this order the United States and the Clerk of the United States District Court for the Western District of Missouri ask and are allowed an exception.

"To the memorandum and order as now filed, the petitioner, Albert DeMayo, asks and is allowed an exception.

"March 19, 1931.
"Merrill E. Otis, District Judge."

While the record is silent as to why this second order was entered it is obvious that it must have been done at the instance of appellant. It is this same order, "filed" as was the earlier order, from which this appeal is brought. Clearly, the earlier order definitely and finally determined the rights of appellant under his application. Obviously, the court and counsel for both parties regarded and treated this as an order. The earlier order was a final order and made part of the record in the case. It was appealable.

As the term within which that order was entered had expired, the court had no jurisdiction to make the subsequent order. Lack-

ing that power, the order is a nullity leaving the earlier order in all respects unaffected. Being a nullity, this subsequent order could afford no basis for an appeal. Therefore this appeal was improvidently allowed, and it should be, and is, dismissed.[1]

---

[1] This court has had several instances of orders, decrees, or judgments being set aside after the term of entry, and when there was clearly no jurisdiction in the trial court to take such action. It is probable that this has been done, in each instance, in an attempt to aid counsel who had overlooked doing something which had become out of time when discovered by them. Such action is a mistaken kindness and is not good practice. It results in unavailing expense and improper delay to litigants and places an unnecessary burden upon this court. We think the time has come for this practice to cease.