## HUDSPETH v. WOODS.
### No. 9804.

Circuit Court of Appeals, Eighth Circuit.
April 6, 1934.

George O. Patterson and George O. Patterson, Jr., both of Clarksville, Ark., and Joseph M. Hill, Henry L. Fitzhugh, and John Brizzolara, all of Fort Smith, Ark., for appellant.

S. W. Woods, of Harrison, Ark., for appellee.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

STONE, Circuit Judge.

This is an appeal from an order or decree denying homestead to Mrs. Hudspeth, wife of an involuntary bankrupt.

We are faced with a motion of appellee to dismiss. The referee determined the controversy adverse to Mrs. Hudspeth, who took the matter on review to Judge Martineau, who, on August 29, 1932, entered the following order:

"The above entitled matter having been heard upon the petition of Mrs. A. T. Hudspeth for review of the order of the referee denying her petition for homestead, and argued by counsel, the court being now well and

sufficiently advised in the premises doth deny the said petition for review and doth affirm the said order of the referee for reasons stated in his opinion. To which ruling the petitioner Mrs. A. T. Hudspeth excepts.

"John E. Martineau, Judge."

Thereafter, by an order dated March 29, 1933, and entered March 31, 1933, the court made a "Final Decree Affirming Referee's Order and Denying Petition for Review;" as follows:

"Now, on this day the above case coming on for final decree and the court having heretofore heard the application of the petitioner Mrs. A. T. Hudspeth, for a review of the order of the referee denying her petition for homestead, together with the evidence in relation thereto, and the argument of counsel in support of said petition, and having heretofore filed herein findings of fact and declarations of law which said findings of fact and declarations of law where adverse to the claim of the petitioner and in affirmance of the finding and order of referee.

"It is, therefore, by the court considered, ordered, adjudged and decreed that the findings of the referee herein are affirmed, and the petition of Mrs. A. T. Hudspeth for exemption of Lot 7 in Block One, O'Neal Heights Addition to the City of Harrison, Arkansas, as a homestead be and the same is hereby denied and said property held an asset in the hands of the trustee of the estate of A. T. Hudspeth, Bankrupt, for the payments of debts of said estate, free of any claim or right to homestead therein in favor of the petitioner. To which Judgment, order and decree the petitioner at the time excepted and prayed and was granted an appeal herein.

"John E. Martineau, Judge on Exchange."

This appeal was taken April 25, 1933, from the decree dated March 29, 1933. Appellee contends that the first of the above-quoted orders was a final decree and that the entry of the second order could not be made to extend the time allowed for appeal. This position is correct. While appellant seeks to treat the first order as a mere finding of fact and statement of conclusions of law, it is, obviously, more than that. It is an order completely disposing of the controversy. It is denominated an "Order of District Court Denying Petition for Review and Affirming the said order of referee." The language therein is "doth deny the said petition for review and doth affirm." It is true that the second order is more formal and more spe-

cific, but had the second order never been made, there would be no question of the matter having been fully disposed of. The situation is ruled by De Mayo v. United States, 58 F.(2d) 231, this court.

While the above ground is sufficient to compel dismissal of this appeal, it is not out of place to state that the appeal should be dismissed upon another ground also. This is a "proceeding in bankruptcy" within the meaning of section 24b of the Bankruptcy Act as amended. USCA title 11, § 47 (b); Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; Schnurr v. Miller, 49 F.(2d) 109, 111, this court; Ingram v. Wilson, 125 F. 913, 915, this court; Gulbransen Co. v. Couch, 61 F.(2d) 932 (C. C. A. 5). That section requires appeals from such "proceedings" to be granted by this court alone. The appeal here is allowed by the District Court, which was without jurisdiction so to do.

The motion to dismiss the appeal is sustained and the appeal dismissed.