## In re LAYMAN WHITNEY ASSOCIATES, Inc.

### No. 58626.

District Court, S. D. New York.
May 11, 1935.

Blackwell Bros., of New York City (E. B. Bellinger, of New York City, of counsel), for bankrupt.

HULBERT, District Judge.

This matter comes before the court upon the report of a referee in bankruptcy recommending that the final reports and accounts of the Irving Trust Company, as trustee, be passed and approved.

Objection is made by the attorneys for the bankrupt to an allowance of $60 as a fee for their services and the disallowance of the statutory fee paid by exceptors here as a disbursement.

The learned referee states: "The latter is not allowable upon the filing of a voluntary petition. The schedules show they received $87.32 on account of disbursements and services."

It appears that on November 23, 1933, bankrupt paid to exceptors a check in the amount of $87.32 "to cover disbursements to be made and on account of Counsel fees," which said check was deposited, but because of the pressure exerted by claimants in Chicago, the petition was filed by the bankrupt in the court on November 24, 1933, and a few days later the check was returned unpaid so that the $30 statutory fee was actually disbursed by the exceptors personally.

Section 64 of the Bankruptcy Act provides for debts which have priority; paragraph b, subd. (2), 11 USCA § 104 (b) (2), provides for the reimbursement of filing fees paid by creditors in involuntary proceedings.

Subdivision (3) thereof (as amended, 11 USCA § 104 (b) (3) provides: "The cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow."

In addition thereto, the exceptors rely upon General Order 10, as amended April 17, 1933, 11 USCA following section 53, which reads as follows, "Before incurring any expense in publishing or mailing notices, or in traveling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal, or referee may require, from the bankrupt, debtor, or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt, debtor, or other person shall be repaid him out of the estate as part of the cost of administering the same"—and contend that neither subdivision (3) nor General Order 10 are limited by subdivision (2).

■ The referee was correct in his ruling that the statutory filing fee is not allowable in a voluntary bankruptcy. See In re Matthews (D. C.) 97 F. 772.

■ While the referee may have erred in assuming the payment to the bankrupt's attorneys of the $87.32 set forth in the schedule he made them an allowance of $60 for their services in preparing and filing the petition. Only $1,668.02 has come into the hands of the trustee. Its special attorneys in Chicago collected all of this amount except $99.84 for which the referee recommends they be allowed $400 and the New York attorneys for the trustee $150. A priority wage claim of $75 has been paid, and only $686.05 will be available to pay priority claims amounting to $703.95.

While it is necessary that lawyers be adequately compensated for their services in order to encourage them in the successful administration of the estates of bankrupts, the courts must not be so generous that it may be said that bankruptcy proceedings are conducted chiefly for the benefit of the legal profession.

The referee has, in my opinion, allowed "all the traffic will bear."