**MUTUAL BUILDING & LOAN ASS'N et al. v. KING et ux.**

**No. 7840.**

Circuit Court of Appeals, Ninth Circuit.

May 13, 1936.

D. Joseph Coyne and Grainger & Hunt, all of Los Angeles, Cal., for appellants.

Mathes & Sheppard, of Los Angeles, Cal., and Forgy, Reinhaus & Forgy, of Santa Ana, Cal. (Lloyd Melvin Smith, of Los Angeles, Cal., of counsel), for appellees.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The appellees, John O. King and Helene W. King, are husband and wife. A petition in involuntary bankruptcy was filed against the husband and another against the wife. Both petitions were contested upon the ground, among others, that the petitioners were not creditors. On December 24, 1934, after trial of the issues, the court entered an order refusing adjudication and

dismissing the involuntary petition. A motion for rehearing was made and denied March 22, 1935. An appeal was taken from the judgment of December 24, 1934, and from the order of March 22, 1935.

The judgment was based upon the finding that some of those who petitioned as creditors were not in fact such. It will be necessary to state in some detail the situation with reference to the petitioning creditors in order to understand the contention advanced by the appellants.

The petition in involuntary bankruptcy against the husband was filed September 1, 1932. The three creditors who joined in the petition were the Western Hardwood Lumber Company, the Hammond Lumber Company, and the E. K. Wood Lumber Company, all corporations. The petition against the wife was filed on the same day by the Western Hardwood Lumber Company, the E. K. Wood Lumber Company, and the Mutual Building & Loan Association. An answer to each petition was filed March 23, 1933.

The issues thus made were referred to a special master for hearing and report. Subsequently, additional creditors intervened, or sought to intervene, as follows: On April 11, 1933, two creditors of the husband, H. D. Winger, Inc., a corporation, and S. C. Johnson & Son, Inc., a corporation, filed petitions as intervening creditors in support of the involuntary petition against the husband. On the same day the same creditors filed similar petitions in bankruptcy proceeding against the wife. On May 15, 1933, answers were filed to these intervening petitions. On May 20, 1933, the Bank of America National Trust & Savings Association intervened as a creditor in support of the petition against the husband. A similar petition was filed on the same day by the same creditor against the wife. These petitions were answered June 13, 1933.

The two cases were tried together, and on July 13, 1934, the special master reported his conclusions and recommended that adjudication of bankruptcy be refused on the ground that only two creditors had qualified as such against the respective bankrupts. On October 25, 1934, after hearing, the court sustained the report of the special master and made a minute order disallowing the exceptions and approving the report and dismissing the petitions. This was followed by a formal judgment to the same effect on December 24, 1934.

On January 23, 1935, five of the creditors petitioned for rehearing, and on the same day L. Q. Babcock filed a petition claiming to be a creditor of the alleged bankrupts for $340, asking for leave to intervene in support of the petitioners. On February 5th the appellants opposed the proposed intervention upon the ground it was too late and that the petitioning creditor was guilty of laches. Before the objections of the appellants could be heard, Babcock withdrew his petition admitting that he had no valid claim against the appellants. On January 8, 1935, the receiver made his account and report, which was approved, and he was discharged. On February 8th, before Babcock had withdrawn his claim as creditor, three additional creditors asked leave to intervene. Green's, Inc., a corporation, for $280, the Embosso Corporation, a corporation, for $92, asserted claims against both bankrupts, and the Maryland Casualty Company asserted a claim against the husband for $100. Orders to show cause why these creditors should not be allowed to intervene were served, and the intervention was opposed.

On March 22, 1935, the trial court granted the motion of the bankrupts to strike from the files the last-mentioned petitions in intervention of February 8, 1935.

At the time of the argument it was conceded by the appellee that the minute order of October 25, 1934, was not an appealable order because the parties thereafter appeared and agreed to a form of dismissal which was approved, signed, and filed by the trial judge on December 24, 1934. By permission briefs were filed subsequent to the argument, and the appellee now contends that the minute order of October 25, 1934, was a final order refusing to adjudicate bankruptcy, appealable as such, and that time for appeal could not be extended by the entry of the subsequent order to the same effect. Both these propositions are thoroughly established. The minute order is as follows:

"The petitioning and intervening creditors having filed an involuntary petition for an adjudication in bankruptcy herein, and the issues raised thereon having been referred to a Special Master and said Special Master having made his findings and filed his report upon said issues, and exceptions to said findings and report having been taken,

"It is ordered that each and all of the exceptions to the findings and report of the

Special Master be and the same are disallowed. Said findings and report are confirmed and the petitions of said petitioning and intervening creditors are dismissed with costs to the alleged bankrupt.

"It is further ordered that the receiver herein file and bring on for hearing, with all reasonable promptness, his account and report.

"It is further ordered that the Special Master be allowed the sum of $500.00 as further fees in addition to the fees heretofore paid to him, and that the fees of said Special Master be paid by the petitioning and intervening creditors.

"An exception is allowed to the petitioning and intervening creditors."

This is an order refusing an adjudication of bankruptcy [In re Interstate Oil Corporation (C.C.A.) 63 F.(2d) 674; Hudspeth v. Woods (C.C.A.) 70 F.(2d) 504; Stevens v. Nave-McCord Merc. Co. (C.C.A.) 150 F. 71; In re Bieler (C.C.A.) 295 F. 78], and is appealable under 11 U.S.C.A. § 48. The right to appeal could not be revived by subsequent entry of the same order. Hudspeth v. Woods, supra, Bonner v. Potterf (C.C.A.) 47 F.(2d) 852. It follows that the denial of the adjudication of bankruptcy had become final before any of the proceedings of which the appellant complains. The appeals were allowed both by this court and the District Court, and therefore are properly before us. The appeals from the order of December 24, 1934, however, are ineffectual for any purpose because the adjudication had become final before that order was entered.

■ Of course, if the order of October 25th was void because the court was without jurisdiction, appeal might have been taken from the subsequent order of December 24, 1934. The appellant contends that under section 58a (8), 11 U.S.C.A. § 94(a) (8), before the dismissal of the petition for adjudication of involuntary bankruptcy can be ordered, it is necessary to give notice to the creditors of the alleged bankrupt who have not yet appeared. He cites in support of this proposition In re Plymouth Cordage Co. (C.C.A.) 135 F. 1000. We do not understand, however, that the appellant claims that an order made without such notice would be void but merely that it would be erroneous and subject to reversal upon appeal. However that may be, it is clear that no such notice is required where there has been a formal adjudication after trial. Such an adjudication is not a dismissal within the meaning of section 58a (8), 11 U. S.C.A. § 94(a) (8). As stated by Judge Hanford in Neustadter v. Chicago Dry-Goods Co. (D.C.) 96 F. 830, 831, "these provisions of the law [section 58a (8), shown in footnote[1]] relate to dismissals which in effect withdraw the cases without submission to the court for its decision upon the merits." See also, Lackawanna Leather Co. v. La Porte Carriage Co. (C.C.A.) 211 F. 318, 322; Canute S. S. Co., Ltd., v. Pittsburgh & W. V. Coal Co., 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287; In re Tribelhorn (C.C.A.) 137 F. 3; In re St. Lawrence Condensed Milk Corporation (C.C.A.) 9 F.(2d) 896.

The appeal from the order of adjudication of bankruptcy contained in the decree of December 24, 1934, is too late and must be dismissed for that reason. That decree contained some further provisions, but no point is made concerning these provisions, and, so far as these orders are concerned, these provisions of the order will be affirmed.

■ The creditors whose petitions for intervention were striken out by the order of March 22, 1935, attempted to intervene after the order refusing to adjudicate bankruptcy had become final and were too late. The order striking out these petitions and refusing leave to intervene is affirmed.

---

[1] Section 58a(8) of the Bankruptcy Act, 11 U.S.C.A. § 94(a) (8): Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed with the papers in the case by the creditors, unless they waive notice in writing of * * * (8) the proposed dismissal of the proceedings.

Section 59f, 11 U.S.C.A. § 95(f): Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition.