## ROSENBERG v. HEFFRON et al.

No. 10174.

Circuit Court of Appeals, Ninth Circuit.

Oct. 2, 1942.

Edward Schary, of San Francisco, Cal., for appellant.

Thomas S. Tobin, of Los Angeles, Cal., for appellee Heffron.

Wm. Ellis Lady and Webster Hazlehurst, both of Los Angeles, Cal., for appellee Kate A. Bullard.

Halverson & Halverson, of Los Angeles, Cal., for appellee Lloyd Vaughn.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Jennie Rosenberg was adjudged a bankrupt on March 21, 1939. An order of reference was made on that date. A trustee was appointed on January 14, 1941. Thereafter the trustee brought an action against Lloyd Vaughn and the bankrupt in a State court of California to recover for the estate certain property the title to which stood in Vaughn's name. Vaughn denied that the trustee had any right, title or interest in or to the property. However, on April 16, 1941, he offered to compromise the controversy between himself and the trustee by paying the trustee $5,000 for whatever right,

title or interest the trustee had. The trustee petitioned the bankruptcy court—the District Court of the United States for the Southern District of California—for an order authorizing him to accept Vaughn's offer. The referee, over the bankrupt's objection, made and entered such an order on May 15, 1941. A petition to review that order was filed by the bankrupt on May 29, 1941.

On June 14, 1941, the referee made and entered an order enjoining the bankrupt from further prosecuting a cross-complaint which she had filed against Vaughn in the State court action. A petition to review that order was filed by the bankrupt on June 24, 1941.

On October 20, 1941, the referee made and entered an order allowing the amended claim of Kate A. Bullard, a creditor of the estate, in the sum of $3,950.98, subject to conditions therein prescribed. A petition to review that order was filed by the bankrupt on October 25, 1941.

The District Judge reviewed the above mentioned orders of the referee and, on April 20, 1942, filed a "memorandum of conclusions" which was, in effect, a statement of his findings of fact and conclusions of law.[1] On May 5, 1942, the Judge signed and filed three written orders—an order affirming the referee's order of May 15, 1941, an order affirming the referee's order of June 14, 1941, and an order affirming the referee's order of October 20, 1941. On June 4, 1942, the bankrupt appealed from the order affirming the referee's order of May 15, 1941, by filing with the District Court a notice of appeal[2] reading as follows:

"Notice is hereby given that Jennie Rosenberg, bankrupt, hereby appeals to the Circuit Court of Appeals for the Ninth Circuit from the order of the Honorable Harry A. Hollzer, United States District Judge of the above entitled [district] court, made and dated May 5, 1942, and filed May 5, 1942, approving and confirming a compromise of controversy and confirming the order of the referee compromising controversy, dated May 15, 1941."

The bankrupt does not appear to have taken any further steps to secure the review of the order appealed from.[3] The trustee, on June 18, 1942, requested the clerk of the District Court to certify and transmit to this court designated portions of the record and proceedings below, in order to make in this court a motion for dismissal of the appeal.[4] The clerk did so, and the trustee docketed the appeal in this court on June 22, 1942. On June 24, 1942, the trustee made a motion (in which Vaughn and Bullard have joined) for dismissal of the appeal on the ground that it was not taken in time.

This is an appeal under the Bankruptcy Act. Section 25 of the Act, 11 U.S.C.A. § 48, provides that such appeals "shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry." It is conceded that, in this case, no written notice of the entry of the order complained of was served or filed, and that, therefore, the time within which an appeal could be taken was 40 days from the entry of the order. The question is, When was the order entered?

To answer that question, one must know what constitutes the entry of a judgment, order or decree in bankruptcy.

Order 1 of the General Orders in Bankruptcy,[5] 11 U.S.C.A. following section 53, provides: "The clerk shall keep a docket, in which the cases shall be entered and numbered in the order in which they are commenced. It shall contain a memorandum of the filing of the petition and of the action of the court thereon; of the reference of the case, if any reference is made, to the referee; of the transmission by the referee to the clerk of all bonds, orders and reports, and of the referee's certified record

---

[1] See General Orders in Bankruptcy, Order 37, 11 U.S.C.A. following section 53; Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. following section 723c.

[2] See General Orders in Bankruptcy, Order 36, 11 U.S.C.A. following section 53; Federal Rules of Civil Procedure, rule 73(a), 28 U.S.C.A. following section 723c.

[3] See Federal Rules of Civil Procedure, rules 73–76, 28 U.S.C.A. following section 723c.

[4] See Federal Rules of Civil Procedure, rule 75(j), 28 U.S.C.A. following section 723c.

[5] As amended by order of the Supreme Court dated January 16, 1939, effective February 13, 1939.

82

of the proceedings; and of all proceedings in the case except those duly entered on the referee's certified record." The clerk of the court below keeps such a docket. In that docket this case was duly entered and numbered. It contains a memorandum of the filing of the petition and of other matters specified in Order 1.

Order 37 of the General Orders in Bankruptcy,[6] 11 U.S.C.A. following section 53, provides: "In proceedings under the [Bankruptcy] Act the Rules of Civil Procedure for the District Courts of the United States (28 U.S.C.A. following section 723c) shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."

■ Rules 52(a) and 58 of the Rules of Civil Procedure are not inconsistent with the Bankruptcy Act or with the General Orders in Bankruptcy. Rule 52(a) provides: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."[7] Rule 58 provides: "When the court directs the entry of a judgment that a party recover only money or costs or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a)[8] constitutes the entry of the judgment; and the judgment is not effective before such entry."

■■ We conclude that in bankruptcy cases, as in civil actions generally, the notation of a judgment, order or decree in the docket constitutes the entry thereof. The order here appealed from—the order affirming the referee's order of May 15, 1941—was noted in the docket on May 5, 1942. That notation constituted the entry of the order.

On June 10, 1942—36 days after the order was entered and six days after this appeal was taken—the following notation was made in the docket: "Apr. 20 Fld Memo. of' Conclusions. Ent Min. Ord. Conf. Referee's Ord. of 5/15/41. Counsel to prep. Order." This predated notation did not constitute the entry of the order; for, as shown above, the order was entered long before the predated notation was made.

On June 10, 1942, in a book which he calls Minute Book 26, the clerk of the District Court made the following entry:

"Minute Order, Judge Hollzer's Calendar, April 20, 1942.

"For the reasons set forth in the memorandum of conclusions this day filed it is ordered that the order of the Referee made herein under date of May 15, 1941, also the order of the Referee made herein under date of June 14, 1941, and also the order of the Referee made herein under date of October 20, 1941, be and each of said orders is confirmed.

"Counsel for Kate A. Bullard shall prepare and submit a formal order of injunction and serve the same upon opposing counsel.

"Copies to counsel."

This predated minute entry did not constitute the entry of the order here appealed from (1) because it was not made in the docket and (2) because the order appealed from was entered long before the minute entry was made. The order having been entered on May 5, 1942, this appeal, taken on June 4, 1942, was in time.

Our decision in Mutual Building & Loan Ass'n v. King, 9 Cir., 83 F.2d 798, cited by appellees, was prior to the adoption of the Federal Rules of Civil Procedure. The question of what constitutes the entry of a judgment, order or decree was not involved in any of the other cases (Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L. Ed. 1036; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct.

---

[6] As amended by the order mentioned in footnote 5.

[7] Rule 54(a) provides that the term "judgment," as used in the Rules of Civil Procedure, "includes a decree and any order from which an appeal lies." Thus the order here appealed from is a "judgment" within the meaning of these rules.

[8] Rule 79(a) provides that the clerk shall keep a book known as "civil docket" and

"shall enter therein each civil action to which these rules are made applicable;" that "all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action;" that "these notations shall be brief but shall show * * * the substance of each order or judgment of the court;" and that "the notation of an order or judgment shall show the date the notation is made."

382, 81 L.Ed. 557; Bonner v. Potterf, 10 Cir., 47 F.2d 852; Hudspeth v. Woods, 8 Cir., 70 F.2d 504; In re McIntosh, 9 Cir., 95 F.2d 627) cited by appellees. Hence none of the cited cases is in point.

Motion denied.