**In re B. F. JAY & CO.**

No. 84491.

District Court, S. D. New York.

Sept. 22, 1947.

---

[2] Federal Rules of Civil Procedure, Rule 9(b).

Louis P. Rosenberg, of New York City, for trustee.

David H. Perlman, of New York City, for Stone & Perlman, exceptors.

MEDINA, District Judge.

The bankrupts, a partnership engaged in the manufacture of toys and children's books, filed a petition for an arrangement under Section 322 of the Bankruptcy Act, 11 U.S.C.A. § 722, on December 17, 1945 and were continued in possession but withdrew the arrangement following the initial meeting of creditors and were adjudicated on January 22, 1946.

At the time of filing the petition for an arrangement Messrs. Stone & Perlman, attorneys for the debtor, pursuant to request therefor, advanced and posted the sum of $50 as indemnity for the expenses of the Referee's office. The Referee has ruled that this sum be not refunded out of the estate on the ground that "the indemnity was paid to defray the expense of administering the arrangement proceeding * * * which was rendered abortive by the adjudication in bankruptcy." The exception to this portion of the Referee's Report presents the question for determination by this Court.

General Order 10, 11 U.S.C.A. following Section 53, provides:

"Indemnity for Expenses

"Before incurring any expense in publishing or mailing notices, or in traveling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal, or referee may require, from the bankrupt, debtor, or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt, debtor, or other person shall be repaid him out of the estate as part of the cost of administering the same. As amended Apr. 17, 1933, eff. Apr. 24, 1933; Jan. 16, 1939, eff. Feb. 13, 1939."

The language is explicit. Nor does the purpose of General Order 10 suggest that its terms should not be complied with because the proceeding in which indemnity is posted shall have proved abortive. In re Matthews, D.C.Iowa, 97 F. 772. Indeed, whatever be the outcome of the proceeding, the intent seems clear to require that money so advanced be repaid "out of the estate as part of the cost of administering the same."

The exception above referred to is sustained. Otherwise the Report is in all respects confirmed.

Settle order on notice.