### W. A. LOCKART V. WILLIAM STUCKLER ET AL.

1. RETAXING COSTS —INJUNCTION.—An injunction suit, by a defendant in execution, brought against the district clerk and the plaintiff to restrain the collection of an execution for costs, on the alleged illegality of some of the items in the bill of costs, is in effect but a motion to retax the costs, and should be treated on the hearing as such.

2. SAME.—It was improper to enjoin items in such costs bill against which there was no complaint.

3. AUDITOR.—It was improper in such case for the court to appoint an auditor to retax the costs. It was the duty of the court, on motion, to retax the costs.

4. DAMAGES.—It was error to render judgment, on the dissolution of such injunction, for damages.

5. INTEREST NOT ALLOWED ON COSTS.—So, also, it was error to render judgment for interest. Costs do not bear interest, and the judgment dissolving the injunction does not alter the relation of the parties.

ERROR from Medina. Tried below before the Hon. J. J. Thornton.

The facts sufficiently appear in the opinion.

*W. B. Leigh,* for plaintiff in error.

*Walton, Green & Hill,* for defendant in error.

ROBERTS, CHIEF JUSTICE.—This suit was begun by injunction against a clerk to supersede an execution issued for costs. The petition alleged that some of the items in the cost bill were incorrect, and prayed for a retaxation of the costs. The plaintiff who recovered the judgment in the former suit was made a party defendant in this suit with the clerk. The clerk answered the charges of the bill of injunction at length, and the other defendant answered that he believed the bill of costs to be correct. Before the final trial, the court appointed an auditor to retax the costs, and required him to report his action under the order to the court. The court, as recited in the judgment, proceeded to

hear the case on the evidence adduced by each party and the report of the auditor, and rendered judgment in favor of the clerk, and against the plaintiff, for costs for a larger amount than that designated in the cost bill, with ten per cent. damages on the amount found. This judgment was rendered to bear interest from date, and was rendered against both the principal and securities on the injunction bond.

The defendant in the injunction suit, as appears from the bill of exceptions, objected to the appointment of an auditor, and on the coming in of his report objected to it, because it was too general; that it failed to specify items, and that it was not framed in "such a way as to be comprehensible." The objections were overruled, and the report read on the trial of the case, as is shown by the judgment for damages and interest.

It will not do to regard the petition in this case as a bill in equity, but rather as a motion to retax costs, with an order or mandate of the court from which the execution issued to supersede the execution until the motion could be tried. In granting such order, (or injunction, as it is called in this suit,) only such parts of the costs should be superseded as are shown in the complaint to have been illegal; as to the rest, it should have remained unaffected, to be collected under execution unless paid.

If this should be regarded as a bill in equity, not only the clerk and former plaintiff should have been made parties, but the sheriff, witnesses, and all who had an interest.

Though there may be no objection to the use of the injunction, as it is called, as a process to effect a temporary stay of execution, still the form in which this proceeding has been instituted should not be allowed to vary the substance of the real remedy, which is the retaxation of costs.

In a proceeding of this sort, we do not think it was proper to appoint an auditor to retax costs; that was the business of the court. The province of an auditor is to aid the court in the presentation of facts to the jury, in matters of account

and the like, in such way as that they may be readily understood.

We are of opinion that the judgment allowing damages on costs ascertained to be due, and interest on the judgment rendered, was error. The statute relating to injunctions, which provides for the assessment of damages, excludes costs as a subject on which damages can be rendered in any case of injunction; and there is no more reason for rendering judgment for damages, when the execution embraces the collection of the principal and the cost, than when the execution is for the costs alone, it being indorsed on the execution that the principal and interest have been paid.

In this case the costs should have been retaxed by the court, and execution ordered for the proper amount, and this was all that should have been done.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.