W. A. LOCKHART v. SAMUEL LYTLE ET AL.

1. PRACTICE — NECESSARY PARTIES.—In a proceeding in the nature of a motion to retax costs, in which the relief sought is against the plaintiff in execution, the clerk of the court from which the execution issued is not a necessary party; and if he be made a party, and dies during the pendency of the motion, his heirs need not be made parties.

2. PRACTICE — PRESUMPTION — TAXATION OF COSTS.—The presumption is in favor of the correctness of a cost bill, when made by the proper officer; and when a motion to retax is dismissed for want of prosecution, it is not the duty of the court to examine the several items of the cost bill to verify their correctness.

3. PRACTICE—MOTION TO SET ASIDE JUDGMENT.—See statement of case for facts sworn to by an attorney for plaintiff in a proceeding to set aside a judgment, and unsupported by other affidavits as to facts not peculiarly within his own knowledge, held not sufficient.

APPEAL from Medina. Tried below before the Hon. T. M. Paschal.

This was a proceeding asking an injunction to retax costs, begun in 1872 by Lockhart against Samuel Lytle and one

Stuckler, the clerk of the court. The object of the suit was to have the costs in the case of Sam Lytle against W. A. Lockhart and William Lytle retaxed, and to restrain their collection during the pendency of the suit.

Sam Lytle and William Lytle were made parties defendant by an amended petition. Both appeared and answered. The injunction was dissolved, on motion, and an appeal taken by Lockhart from the judgment dissolving it. This appeal was dismissed in the Supreme Court at a former term. · After that appeal, William Stuckler and William Lytle died. On October 7, 1873, Mrs. Antonia Stuckler became a party to the proceeding, as surviving wife of William Stuckler and as guardian for his minor children, and on the 30th of September G. H. Noonan became a party, as executor of William Lytle.

The case was dismissed on the 1st of October, 1878, for want of prosecution, and judgment rendered against Lockhart and the sureties on his injunction and cost bonds. On the 10th of October, 1878, a motion to set aside this judgment and grant a rehearing was filed by Lockhart's attorney. This motion was overruled by the court and an appeal taken to this court.

His application was as follows:

"Your petitioner, W. A. Lockhart, of the county of Bexar and State of Texas, respectfully represents unto your honor, that on the 1st day of October, 1878, a judgment was rendered against your petitioner and sureties for the sum of $771.10, and for costs, &c.

"Your petitioner further represents, that before the time the case was tried he was in a distant part of the State attending to important business, but, owing to circumstances over which he had no control, he was unable to be in attendance upon this court until the 9th day of October, 1878; that on the 8th day of October, 1878, after a hard day and night's drive, he reached San Antonio and, to his surprise, learned that the case had been tried and that he had not been repre-

sented at the trial; that shortly after his departure, W. B. Leigh, leading counsel in the case, was taken violently ill, so much so that he was unable to be present at the trial, nor could attend this court within the two days allowed by law to make a motion for a new trial; that at the time of your petitioner's departure, Mr. Leigh was apparently in fine health; that he learned on his return that Mr. Dittmar had abandoned the case and refused to attend to it, although he was requested by Mr. Leigh to do so, as he was unable to attend; that he did not hear of Mr. Leigh's sickness or of Mr. Dittmar's abandonment of the case until his return.

"Your petitioner further represents, that since the filing of this suit—or, rather, motion, as the Supreme Court has decided—William Stuckler has departed this life, leaving several minor children, aged and named respectively, to wit: William, 18; Ednore, 15; Paul, 13; Fritz, 11; Another, 9; Antonio, 7; and others to petitioner well known, but whose names will be furnished the clerk as soon as known (?);—that he left no will, and no letters of administration have been granted upon his estate; that no letters of guardianship have been granted upon the estate of said minor children, nor were they represented by a guardian *ad litem* upon the trial of this case, as your petitioner is informed and believes and charges.

"Therefore your petitioner moves the court to set aside the judgment rendered in this case and grant a rehearing, for the following reasons, to wit:

"1st. For the reasons set forth above.

"2d. This being a motion to retax costs, it could not be dismissed until after the costs had been retaxed and it had been ascertained that there was no cause for the motion.

"3d. The defendant having pleaded in reconvention, should have been required to prove up his claim before taking a judgment, as by plea in reconvention he became the acting party.

"4th. This being a motion to retax costs, and not an injunction, no judgment could be rendered again the sureties.

" 5th. The judgment is a nullity, because the minor heirs of William Stuckler were neither represented. by a legal guardian nor guardian *ad litem.*

(Signed)          W. A. LOCKHART."

This motion was sworn to. It was overruled by the court below. Plaintiff appealed.

*J. M. Eckford,* for appellant.

*Walton, Green & Hill,* for appellees.

BONNER, ASSOCIATE JUSTICE.—This proceeding was commenced by injunction to stay an execution for costs and retax the same, by appellant W. A. Lockhart, defendant in execution, against Samuel Lytle, plaintiff in execution, and William Stuckler, clerk of the District Court of Medina county.

On writ of error prosecuted at a former term of this court, it was held, that the proceeding was not a bill in equity, but a motion to retax cost, with an order or mandate of the court from which the execution issued to supersede the same until the motion could be heard. It was, in effect, further held, that the defendant William Stuckler had not such interest in the subject-matter as made him, by reason thereof, a necessary party, the proceeding being properly against Samuel Lytle, the plaintiff in execution. (Lockart *v.* Stuckler, 49 Tex., 765.)

Under this ruling the alleged failure to have the heirs of William Stuckler properly before the court, on the last trial, was not error for which the judgment should be reversed.

The costs as embraced in the execution having been taxed by the proper and sworn officer for this purpose, the presumption is that it was correct; and the motion to retax having been dismissed for want of prosecution, it did not devolve upon the court to examine the several items thereof, to see whether in fact they were correct.

The defendant in execution having failed to appear and point out the alleged errors, the court might very well presume, under the rules of practice in analogous cases, that he had no cause of complaint.

A very different rule of practice prevails in case of judgment upon an unliquidated demand, from that of judgment for want of prosecution.

We do not think that the application was sufficient to set aside the judgment dismissing the proceeding for want of prosecution.

The circumstances of the alleged unavoidable absence of complainant are not shown. No reason is given why a response was not made to the communication which seems to have been sent, under the direction of the court, to absent counsel, when the cause was first regularly reached and postponed until they could be heard from. The circumstances under which the attorney who is alleged to have abandoned the suit did this, are not shown so that the court could determine whether the complainant himself was not in default; and no other affidavit but his own was taken in support of the motion, although some of the facts stated would seem to have been personally known to other parties, and not of his own knowledge. (Foster *v.* Wood, 6 Johns. Ch., 87.)

The appellee having confessed error in this, that judgment was improperly rendered against the sureties on the injunction bond, the judgment below is reversed and reformed as to them, and affirmed as to all other matters; the appellant to recover the costs of this court on this appeal.

REVERSED AND REFORMED.

[Chief Justice MOORE did not sit in this case.]