A. N. WINGFIELD ET AL. v. H. C. HACKNEY ET AL.

Decided June 14, 1902.

**1.—Business Homestead—Election by Widow.**

Where a husband conducted two businesses in different, distinct, and separate places, his widow could not, after his death, claim both properties as exempt business homestead, and her election of one of them is binding on her and the children, if not shown to be prejudicial or unfair to the children, notwithstanding that at the time of the election she mistakenly supposed that she could hold the other property as her separate estate.

**2.—Injunction to Stay Execution—Jurisdiction.**

The district court has no jurisdiction to enjoin an execution from the county court because of its invalidity, there being an adequate remedy by motion to quash in the latter court which can be aided, if necessary, by an injunction in such court to restrain proceedings under the execution until the motion is heard.

Appeal from Freestone. Tried below before Hon. L. B. Cobb.

*Geo. A. Bell* and *Gibson & Bryant,* for appellants.

TEMPLETON, ASSOCIATE JUSTICE.—A. M. Stubbs and wife owed a community debt to Hackney. Stubbs died intestate and his wife qualified as survivor. Hackney brought suit in the County Court against the community administrator and obtained judgment. Mrs. Stubbs married Wingfield. Hackney then caused an execution to be issued on his said judgment and had the same levied on a lot situated in the town of Wortham. Thereupon Mrs. Wingfield, joined by her husband and the minor children of herself and Stubbs, brought this suit in the District Court against Hackney and the officer who levied the writ, the purpose of the suit being to enjoin the levy and a sale thereunder. It was alleged (1) that the said lot was the separate property of Mrs. Wingfield, having been acquired during her first coverture and paid for with her separate means, and (2) that the lot was exempt as a business homestead. A preliminary injunction was granted. Mrs. Wingfield died intestate and her husband and children prosecuted the suit to judgment. The trial was without a jury, and resulted in a decree dissolving the temporary injunction and refusing the relief sought. The plaintiffs have appealed.

The trial court found as a matter of fact that the lot was paid for with the community means of Stubbs and wife and not with the separate means of the wife. On the homestead issue he found that, at the time of his death, Stubbs was conducting the business of a retail grocery merchant on the lot in controversy and a livery business on another lot, the two lots being entirely disconnected and each business being separately conducted, both lots being community property; that after Mrs. Stubbs qualified as survivor she inventoried the livery property as the exempt business homestead and omitted the lot in suit from her inventory, claiming the same as her separate property; that the

livery property was then more valuable than the lot in controversy. These findings of fact are amply supported by the evidence. This disposes of the contention that the lot was not subject to the levy because it was the separate property of Mrs. Wingfield. On the homestead issue the trial judge concluded as a matter of law as follows: "Stubbs, being engaged in two businesses and conducting the same in different, distinct, and separate places, could not have claimed both as exempt business homesteads, nor could the widow, acting in her capacity of survivor, have done so, but he or she could have elected which of the two to so claim. The survivor having elected to claim the said livery property as the business homestead and it not being shown that such election was prejudicial or unfair as to the children of her husband, both she and they are bound by such election, notwithstanding that at the time of making the choice she mistakenly supposed that she was entitled to hold the property in suit as her separate estate." This conclusion is approved.

Appellants contend that the trial court erred in not granting the injunction sought, for the reason that an execution could not be legally issued on Hackney's judgment against the community administrator after her marriage with Wingfield. This contention appears not to have been urged on the trial and was not passed on by the trial court. The question was certified by us to the Supreme Court, and it was there held that Hackney was not entitled to enforce the collection of his judgment by execution after the marriage of Mrs. Stubbs. Wingfield v. Hackney, 4 Texas Ct. Rep., 971. Appellants are entitled to have the execution stayed, and the question is whether on this branch of the case they have sought the proper remedy in the court having jurisdiction to grant the appropriate relief.

A motion to quash the execution was the proper remedy of appellants. In Lockhart v. Stuckler, 49 Texas, 765, an execution was issued for costs, and the defendant in the writ applied for injunction to restrain a levy and sale thereunder because he alleged that the costs had been improperly taxed. The court said: "It will not do to regard this petition as a bill in equity, but rather as a motion to retax costs, with an order or mandate from the court from which the execution issued to supersede the execution until the motion could be tried. In granting such order (or injunction, as it is called in this suit) only such parts of the costs should be superseded as are shown in the complaint to have been illegal; as to the rest, it should have remained unaffected, to be collected under execution unless paid. * * * Though there may be no objection to the use of the injunction, as it is called, as a process to effect a temporary stay of execution, still the form in which this proceeding has been instituted should not be allowed to vary the substance of the real remedy, which is the retaxation of costs." In Freeman on Executions, section 73, it is said: "Whenever an execution has been improperly issued, the most speedy and convenient, and in most cases the only remedy of him against whom it runs is by motion to quash or

set aside. * * * The remedy by motion to quash is often exclusive. Instead of resorting to such motion or proceeding, a suit may be brought to enjoin or prohibit further action under the writ. It is usually a sufficient answer to such a suit or proceeding that an adequate remedy existed in the court whence the writ issued by motion to quash or recall it."

In the case before us it is not shown that a motion to set aside or recall has ever been filed, and no reason is given or excuse presented for the failure to file such motion. If the execution herein had issued out of the court where this suit was filed we could, under the authority of Lockhart v. Stuckler, supra, treat the action of plaintiffs as a motion to quash the process and the injunction applied for as the necessary order superseding or suspending the writ, pending the hearing of the motion. But the execution was issued from another court, and that court alone has jurisdiction of a motion to recall it. See Freeman on Executions, section 75, where it is said: "Application to quash a writ must always be presented to the court whence it issued. One court will not entertain a motion to set aside the process of another court." It is clear, under the authorities cited, that appellants have resorted to the wrong remedy, and that if an injunction is necessary to restrain action under the writ until a motion to quash can be heard, such injunction would be ancillary to the motion, and that the County Court, out of which the execution issued, alone has jurisdiction to enter the restraining order. The District Court had jurisdiction of the suit of the plaintiffs to enjoin the levy on the ground that the property levied on was not subject to seizure, but it had no jurisdiction to set aside the execution or to restrain a sale under the levy because the writ was improperly issued. The plaintiffs, on the branch of the case last mentioned, have chosen the wrong remedy and selected a forum which is without authority to grant the relief to which they are entitled. If they desire to have the execution set aside they must proceed in the County Court by motion to quash, and if it becomes necessary to suspend action under the execution until their motion is tried, they may obtain a proper restraining order from that tribunal. The levy not having culminated in a sale and no rights of third parties having attached, it is not too late to have the execution recalled. Meador Co. v. Aringdale, 58 Texas, 447; Chase v. De Wolf, 69 Ill., 47; Freem. on Ex., sec. 76.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.