## GULBRANSEN CO. v. COUCH.
### No. 6506.

Circuit Court of Appeals, Fifth Circuit.
Nov. 30, 1932.

John Davis, of Dallas, Tex., for appellant.

L. J. Truett, of McKinney, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

J. T. Couch was adjudged a bankrupt, and the referee allowed him as his business homestead certain real estate in the city of McKinney, Tex., as used by him as the head

of a family in a livestock business. The District Judge affirmed the ruling on December 22, 1931, and on January 8, 1932, upon a petition addressed to him, allowed an appeal to this court, taking bond and issuing citation thereon. A motion to dismiss the appeal has been made because the petition therefor was not addressed to and allowed by this court. The setting aside of a homestead is a part of the ordinary proceedings in bankruptcy, to be superintended and revised in matter of law by this court under 11 USCA § 47(b), rather than a controversy arising in bankruptcy which falls under section 47(a). Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889; Schnurr v. Miller (C. C. A.) 49 F.(2d) 109; Southern Engine Co. v. Pagel Electric Co. (C. C. A.) 16 F.(2d) 268. Section 47, as revised by the Act of May 27, 1926, aims to simplify the review of decisions in bankruptcy by assigning the same limitation of time and the same appellate procedure for controversies arising in bankruptcy and for proceedings in bankruptcy except that as to the latter the appeal is not of right (unless in cases mentioned in section 48), but is to be allowed in the discretion of the appellate court. This court is not always in session so as to allow appeals in proceedings in bankruptcy within thirty days, and we have concluded that it is lawful to provide for the taking of them before the District Judge tentatively and subject to allowance by us thereafter, and we have provided for it by our rule XXXIX. Clemons v. Liberty Savings & Real Estate Corp. (C. C. A.) 61 F.(2d) 448, decided November 1, 1932. Neither the validity of this rule nor its application to this case has been argued before us, nor the question whether an ordinary appeal timely taken before the District Judge may be treated by this court as an application for superintendence and revision as was freely done before the Act of May 27, 1926. Since we think this case ought to be affirmed on its merits, we allow the appeal and pass by the motion to dismiss.

The fact findings of the referee approved by the District Court we treat as conclusive. They are in effect that Couch for many years had conducted a large wholesale and retail business of selling pianos and other musical instruments, and had also conducted a business of buying and selling live stock. A portion of the live stock was taken in as payment on musical instruments, but carload lots were also bought. For several years before bankruptcy the live stock business had been the larger and more profitable one. The retail musical instrument business was conducted in a store on Louisiana street belonging to his wife, where the main office was and the bookkeeping was done for both businesses. The wholesale storage of instruments was on Davis street a block away, and on lots owned by Couch. Here also was the lot and sheds used for handling the live stock, and an office for this branch of the business. In his bankruptcy schedules Couch elected to follow as his business the live stock branch, and chose the property used in it as his business homestead. The referee and District Judge held that he had this right, and, after excluding all portions of the Davis street property which were not used in the live stock business, approved that claim of homestead.

The contention that Couch at the time of his bankruptcy was engaged only in the musical instrument business and that the property used in conducting it was that on Louisiana street is foreclosed by the referee's finding that he also had a separate live stock business carried on at another place. The legal question is whether the right of election accorded Couch exists under Texas law. The homestead law is embodied in section 51, art. 16, of the Constitution, which, so far as it applies to an urban homestead, reads: "The homestead in a city, town or village, shall consist of lot or lots, not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family; provided, also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

There is but one urban homestead declared, although property of two classes may be included, to wit, that used for purposes of a home, often called the residential homestead, and that used as a place to exercise the calling or business of the head of the family, called the business homestead. In the former class may be claimed disconnected properties if they be used for the purposes of a home, but in the latter class only one place of business is to be claimed, even though several disconnected lots may have been so used. Rock Island Plow Co. v. Alten, 102 Tex. 366, 116 S. W. 1144; McDonald v. Campbell, 57 Tex. 614; Hinzie v. Moody, 1 Tex. Civ. App. 26,

934

20 S. W. 769. If Couch's business had been solely that of selling pianos, his business homestead could have been claimed only in the Louisiana street property excluding even the storage warehouse on Davis street. But Couch is found to have been conducting on Davis street also a distinct live stock business. One having several places of business can claim only one as his business homestead. Spence v. Bank (Tex. Civ. App.) 294 S. W. 618; Parrish v. Frey, 18 Tex. Civ. App. 271, 44 S. W. 322. A choice must therefore be made either by himself or his creditor or by the court, where a court is involved. Since court procedure is unnecessary in Texas to establish a homestead, court election is not contemplated. Surely the creditor is not to make the election, for there may be many of them with different preferences, and none of them likely to consider the welfare of the family for which the Constitution is seeking to secure a home and a place to earn a livelihood. 'Manifestly the choice must lie, subject to revision in court, in the head of the family. Such has been the view taken by the Courts of Civil Appeals. In Parrish v. Frey, 18 Tex. Civ. App. 271, 44 S. W. 322, 325, it was said of one who carried on separate hardware and dry goods businesses: "Acting in good faith, as the head of the family, he had the right to select the character of the business in which he would continue to engage as a merchant, and to designate the lots upon which it should be carried on." In Wingfield v. Hackney, 30 Tex. Civ. App. 39, 69 S. W. 446, where a retail grocery and a livery business had been separately conducted, it was said of the deceased proprietor and his surviving wife: "He or she could have elected which of the two to so claim. The survivor having elected to claim the said livery property as the business homestead, and it not being shown that such election was prejudicial or unfair as to the children of her husband, both she and they are bound by such election." See, also, Bowman v. Stark (Tex. Civ. App.) 185 S. W. 921. It may be that in this case the musical instrument business is what broke Couch. If in its nature it is unprofitable, or if such capital is required as that the bankrupt could not re-enter it but can hope to deal in live stock, it would ill serve the purpose of the homestead law to compel him to leave the means of livelihood which he can follow and take that which he cannot. We think there was no error of law in the referee's approving the bankrupt's choice.

Judgment affirmed.