## INMAN et al. v. TEXAS LAND & MORTGAGE CO., Limited.

### No. 4341.

Court of Civil Appeals of Texas. Amarillo.

July 3, 1934.

Royce A. Oxford, of Plainview, and Vickers, Campbell & Evans, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

HALL, Chief Justice.

March 21, 1934, in the ninty-ninth district court of Lubbock county, the appellee company recovered a judgment in the sum of $13,383.16, with foreclosure of deed of trust lien on certain land situated in said county, and thereafter, at the same term, the court overruled a motion for a new trial.

It appears from the record that the indebtedness was incurred by Charles S. Inman, a person of unsound mind, and that Fred Inman had been duly appointed and was the acting and qualified guardian of the estate of said Charles S. Inman. In due time the appellant, Fred Inman, perfected his appeal to this court by giving notice of appeal and filing a transcript and statement of facts on the 21st day of May, 1934, and that said cause is now pending upon the docket of this court.

On the 4th day of May, before the appeal was perfected, the appellee company caused the district clerk of Lubbock county to issue an order of sale based upon said judgment, and placed said writ in the hands of L. H. Holt, constable, commanding him to sell the real estate upon which the lien had been foreclosed. At the instance of the company, Holt levied upon the real estate and advertised the same to be sold on June 5, 1934.

On the 2d day of June, Fred Inman, as guardian, presented his motion to the Honorable Clark M. Mullican, district judge of Lubbock county, setting out the foregoing facts, and prayed the court to quash the order of sale, together with the notices of sale which had been issued and posted by the constable, Holt, and to direct that such order of sale be returned to the clerk of said court and that it be held for naught. He further prayed that any and all executions or orders of sale issued by virtue of the aforesaid judgment be stayed and withheld during the pendency of the appeal from the final judgment. Upon presentation of the motion, the trial judge, without previous notice to the appellee company, granted the prayer of the appellant, and directed the constable to return the order of sale to the clerk of the district court of Lubbock county for cancellation, and further directing said constable to cancel his notices of sale theretofore posted.

On June 25th the Texas Land & Mortgage Company filed its petition in said cause in this court, setting out the facts, in substance, as above, and praying that this court, upon a hearing of all parties, issue its injunction restraining the respondents and each of them from interfering in any way with the enforcement of its judgment rendered in the trial court. The district judge of Lubbock county, the constable, Holt, Charles S. Inman, and his wife, Dora Inman, and Fred Inman as guardian, have been made parties to this proceeding.

The appellee company insists that, because an appeal has been prosecuted by the guardian from the original judgment, such appeal deprived the trial court of all authority to quash the execution and prevent the sale.

■ It is settled law that a motion to quash a writ of execution and vacate the same must be filed in the court out of which the writ issued. Kelley v. Stubblefield (Tex. Civ. App.) 26 S.W.(2d) 281; Wingfield v. Hackney, 30 Tex. Civ. App. 39, 69 S. W. 446 on certified questions, 95 Tex. 490, 68 S. W. 262.

■ Rev. St. Art. 2276, provides that a guardian appointed by the courts of this state shall not be required to give bond on any appeal or writ of error taken by him in his fiduciary capacity. It is further held that, when a guardian, as such, has appealed by giving the required notices and filing the record in the reviewing court, the appeal suspends the execution of the judgment or order appealed from without the necessity of filing a supersedeas bond. 21 Tex. Jur. 368, § 106, 370, § 107, and authorities cited.

Upon the face of the record, the order of sale was wrongfully issued, and it became the duty of the trial court, by proper proceedings, to quash the order of sale pending the appeal from the judgment in the main case. 18 Tex. Jur. 604–607, §§ 62–64.

■■ While the execution was illegally issued, the appellee company was entitled to notice of the motion made to quash the order of sale and set aside the levy. If the appellee had been duly notified of the proceedings and had appeared, it might have prosecuted an appeal from the order of the court quashing the writ. 18 Tex. Jur. 608, § 65. Thus it will appear that it has an adequate remedy at law. If it had appeared, it could have appealed from an adverse ruling, which would have conferred jurisdiction upon this court. Until it has exhausted its legal remedies, this court is without authority to enjoin the action of the trial court in response to the original application for injunction which the appellee has filed here. The application is therefore dismissed for want of jurisdiction and without prejudice to the rights of either party in any further proceedings.

Application denied and dismissed.