## CONSOLIDATED ADVERTISING CORPORATION OF CALIFORNIA et al. v. GIBSON.

### No. 10186.

Court of Civil Appeals of Texas. Galveston.
July 19, 1934.

O. H. Woodrow, of Sherman, for appellants.

GRAVES, Justice.

This appeal—advanced here under R. S. art. 4662—is from the granting by the county judge of Waller county in chambers, in an ex parte hearing, of a temporary injunction in favor of the appellee, whereby the appellant was restrained from the enforcement of a judgment for $72.85 in its favor against appellee rendered by a justice court of Grayson county; application for the writ alleged the justice court judgment to be void because the citation upon which it rested had not contained these requisites:

"(a) Does not state the date of the filing of the petition of the plaintiff in said alleged cause; nor

"(b) The nature of the alleged plaintiff's demand; nor

"(c) Was said purported citation accompanied by a certified copy of said alleged plaintiff's petition, or kind or nature of a copy of said alleged plaintiff's petition."

It was further therein alleged that an alias execution had been issued and levied by the sheriff of Waller county upon the appellee's personal property; that this writ was invalid, because showing on its face that the costs taxed therein were excessive, no costs bill, however, being set out, attached, or otherwise shown.

 Since the amount of any damage the appellee may have sought is not to be considered in determining the jurisdiction to issue the writ of injunction [DeWitt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Philips v. Sanders (Tex. Civ. App.) 80 S. W. 567, par. 2], it is plain that the county court of Waller county was without jurisdiction to enjoin the enforcement of this justice court judgment for $72.85 [Dr. L. D. LeGear Medicine Co. et al. v. Hairston et al. (Tex. Civ. App.) 62 S.W.(2d) 385; DeWitt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882].

Furthermore, none of the averments so adverted to in the bill showed the justice's judgment to be void on its face [R. S. arts. 2388 and 2401; Richards v. Reeves (Tex. Civ. App.) 266 S. W. 594; Wingfield v. Hackney, 30 Tex. Civ. App. 39, 69 S. W. 446; Lockart v. Stuckler, 49 Tex. 765]; wherefore, since no meritorious defense against the judgment was alleged, and it affirmatively appearing from the application that the appellee had a legal remedy against the same by appeal, the writ of injunction should not have been issued [Union Pacific R. Co. v. Miller (Tex. Civ. App.) 192 S. W. 358; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; Collin County National Bank v. McCall Hardware Co. (Tex. Civ. App.) 161 S. W. 950; Schleicher v. Markward, 61 Tex. 103; Woodley v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 20 S.W.(2d) 842, 843; A. B. Richards Medicine Co. v. Johnson (Tex. Civ. App) 267 S. W. 1067, writ of error denied].

It follows that the court below was without jurisdiction to issue the writ; it will therefore be dissolved, and the cause ordered dismissed.

Reversed and cause dismissed.