## COYEL et ux. v. MORTGAGE BOND CO. OF NEW YORK.

### No. 2061.

Court of Civil Appeals of Texas. Waco.

Jan. 19, 1939.

John B. McNamara, of Waco, for appellants.

Naman, Howell & Boswell, of Waco, for appellee.

**ALEXANDER, Justice.**

This suit was brought by the Mortgage Bond Company against D. S. Coyel and wife for debt and to foreclose a mortgage lien on a house and lot on Speight Street in the city of Waco. The defendants sought to defeat the lien on the ground that the property was their homestead at the time the mortgage was executed. The jury found against the homestead claim and judgment was entered for the plaintiff for the debt with foreclosure of lien. The defendants appealed.

Appellants contend that the jury's finding that the property was not their homestead at the time the mortgage was executed and that they were estopped to claim the same as such by reason of certain representations made by them in the mortgage were contrary to and unsupported by the evidence. The evidence shows without dispute that at the time the mortgage was executed Coyel was the head of a family, with a wife and three minor children. Mrs. Coyel owned 100 acres of land near Golinda in Falls county, approximately fifteen miles from the city of Waco. The farm had a three room box house thereon. Coyel and his family lived in said house and used and claimed the farm as their homestead from 1910 until the Fall of 1923. At that time they moved to the city of Waco for the purpose of schooling their children, and lived in rented property until the Spring of 1924, at which time they bought and moved onto the property on Speight Street involved in this suit. They were so living on said property at the time the mortgage in question was executed on December 20, 1926. Both Coyel and his wife testified that at the time they moved to Waco they abandoned the farm as a homestead and moved to Waco with the intention of never returning to and occupying the farm as their home; that the dwelling house on the farm had no conveniences and was unsuitable for use as a dwelling house; that they acquired the property on Speight Street for use as a homestead and have claimed and used it as such continuously since the date it was purchased. However, Coyel testified further that at the time the family moved to Waco some furniture was left in the old home on the farm, consisting of a bed, cot, chairs, tables, heating stove, bed clothing, dishes and cooking utensils; that for several years thereafter, up to and including the year the mortgage was executed, he returned to the farm and lived in the house while he was cultivating the farm; that he kept his teams, tools, milk cow and

chickens on the farm; that he sometimes rented the farm to a tenant and sometimes cultivated it by day labor; that he would go to the farm and spend two or three days working and sleeping there and would then return to the city; that his family sometimes visited him at the farm over the weekend, some of them spending the night with him on the farm and the others visiting with Mrs. Coyel's mother, who lived a short distance from the farm; that after the family moved to Waco he served as school trustee at Golinda in Falls county and paid his poll tax there. In the deed of trust securing the lien in question Coyel and his wife, for the purpose of inducing the loan company to make the loan, stated that the Speight Street property was not claimed, used nor occupied by them as a homestead but that the 100 acre farm above referred to was their homestead. The agent of the loan company testified that Coyel represented to him that he was living on the farm and that the family had moved to Waco only for the purpose of sending the children to school; that it was their custom to return to and live on the farm each summer; and that he claimed the farm and not the city property as his homestead. Said agent further testified that he relied on said representations and would not have made the loan if he had known that they were untrue.

■ It is a well established rule in this state that when a homestead is once acquired, the head of the family does not lose his homestead rights therein merely because he and his family move from the premises and take up residence elsewhere. He may acquire title to property elsewhere and move his family thereto and actually occupy the same as a family residence for a number of years and yet not lose his homestead rights in the original tract so long as he does not form the intention of never returning to and occupying the same as a homestead. Under such circumstances, the solution of the question as to whether he has abandoned his original homestead depends on his intentions which are to be determined from all the surrounding facts and circumstances. In the case at bar the defendant testified that he moved from the farm and acquired the property in Waco with the definite intention of using it as a homestead and of never again occupying the farm as such. However, the facts and circum-stances above recited are such as to challenge the correctness of his statements. This is particularly true in view of his positive statement made in the deed of trust to the effect that the Waco property was not his homestead and that he still claimed the farm as such. His continued use and occupancy of the farm in connection with the fact that he paid his poll tax and served as school trustee in the county where it was located as well as other surrounding circumstances were such as would have enabled him to successfully claim the farm as a homestead had creditors levied thereon or other occasions arisen therefor. The facts are such that no court could say as a matter of law that the farm was not the family homestead. Of course, if the farm had not been abandoned as a homestead, then the Waco property was not exempt as such. It was therefore a question of fact to be determined by the jury as to whether the mortgaged property constituted appellants' homestead at the time the lien was given. 22 Tex.Jur. 81; Wallace v. First National Bank of Paris, 120 Tex. 92, 35 S.W.2d 1036; Blanks v. First National Bank of Seymour, Tex.Civ.App., 44 S.W. 2d 393.

■ Since the tangible facts were such as would have authorized appellants to have claimed the farm as their homestead, their declarations of their intentions in this respect as made in the deed of trust for the purpose of inducing the loan, if believed and relied on by the lender as found by the jury, was sufficient to estop them from now claiming that the mortgaged property constituted their homestead. Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209; Carstens v. Landrum, Tex. Com.App., 17 S.W.2d 803; Life Ins. Co. of Virginia v. Weatherford, Tex.Civ.App., 60 S.W.2d 883; Hughes v. Wruble, Tex. Com.App., 116 S.W.2d 368.

■■ Our law contemplates that questions of fact, such as are here under consideration, shall be left to the decision of a jury or other triers of the facts, and when a case has thus been tried before a jury, we are not at liberty to set the verdict aside unless it clearly appears that the conclusion reached by the jury is wrong and that an injustice will result if it is allowed to stand. We have considered the record in this case very carefully and have reached the conclusion that the verdict is not so contrary to the weight

of the evidence as to justify this court in setting it aside.

The judgment of the trial court is affirmed.