**SMITH et al. v. LITTLE.**

No. 12048.

Court of Civil Appeals of Texas. Galveston.

Feb. 3, 1949.

Rehearing Denied Feb. 24, 1949.

Alexander T. Sidman, of Houston, for Dorothy Kaplan, DeLange & Hudspeth.

Albert J. DeLange and C. M. Hudspeth, all of Houston, for all other appellants.

P. Harvey, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Geneva Young Little, in statutory form of trespass to try title for the recovery

from appellants Sam Smith et al., of the title to and possession of approximately 3 acres of land known as Lot 51 in Block 4 of Highland Acre Homes in Harris County, Texas.

The cause was submitted to the jury on a single special issue, reading: "Do you find from a preponderance of the evidence that at the time George Young removed from the premises in controversy or at any time thereafter, he did not intend to return to the same or to use the same as a homestead?", to which the jury answered "No".

The trial court rendered judgment in favor of appellee in accordance with this verdict.

The plaintiff, appellee in this action, was the widow of George W. Young, who died in January, 1940. An administration was opened on his estate in McLennan County shortly after his death, and the property in controversy was sold under orders of the probate court of that County. Appellants claim title under this administrator's deed.

Appellee introduced in evidence the patent from the State of Texas to James Love to 640 acres; a plat of Highland Acre Homes, a subdivision of said survey by Wright Land Company, and a deed from the Wright Land Company conveying the land in controversy to George W. Young and his wife, Geneva Young, dated September 14, 1917. Appellee introduced evidence showing actual possession of the land as their home from the spring of 1912 until 1917, when they left the property in charge of a tenant and went to North Texas to pick cotton to earn money to pay for the property. She introduced receipts showing the payment of taxes on the property from the year 1919 until 1946 with the exception of three years. She introduced a deed from Edwin Pierce Young and others, which recited that they were the only living children of Geneva Young Little and her deceased husband, George W. Young, conveying their undivided interest in the property in controversy to her. She introduced administrator's deed conveying the property to E. A. McCaslin to prove common source of title.

Appellee testified that she and her husband contracted to purchase the property in 1910 and that they had received a contract therefor on November 22, 1911; that in 1912 they built a house and dug a well on the property and that they lived on it and used it as a truck farm until 1917; that she came back once or twice a year during the time she was away. She testified that in 1928 some one removed the house from the property.

Appellants offered in evidence the administration proceedings on the estate of George W. Young, deceased, in the probate court of McLennan County, including application for administration and an administrator's deed under which appellants claim title. They also offered deed from Ann and E. A. McCaslin and others, to Henry G. Laughlin.

There is no showing in the record that the claim against the estate of George W. Young for the sum of $180.20 was a debt for which the estate was constitutionally liable or that E. A. McCaslin, the holder of the claim and the purchaser of the property at the administrator's sale was other than a general creditor.

It is undisputed in the record that appellee lived on the land in controversy with her husband and their children as a homestead from the time they built their home on the land in the spring of 1912 until 1917, and that they never acquired or claimed any other homestead.

The controlling question presented in the appeal is whether the land in controversy was abandoned by George Young and his wife as their homestead.

■ It is a well established rule in this State that when a homestead is once acquired, the head of the family does not lose his homestead rights therein merely because he and his family move from the premises and establish residence elsewhere. He may acquire title to property elsewhere and occupy such property as a family residence for a number of years without losing homestead rights in the original tract so long as he does not form the intention of never returning to and occupying the same as a homestead. Coyel et ux. v. Mortgage Bond Co. of New York, Tex.Civ.App., 124 S.W. 2d 204.

In the Coyel case the court held that it was a question of fact to be determined by the jury as to whether the mortgage property constituted appellants' homestead, Citing 22 Tex.Jur. 81; Wallace v. First National Bank of Paris, 120 Tex. 92, 35 S.W.2d 1036; Blanks v. First National Bank of Seymour, Tex.Civ.App., 44 S.W. 2d 393, and that [124 S.W.2d 206] "Our law contemplates that questions of fact, such as are here under consideration, shall be left to the decision of a jury or other triers of the facts, and when a case has thus been tried before a jury, we are not at liberty to set the verdict aside unless it clearly appears that the conclusion reached by the jury is wrong and that an injustice will result if it is allowed to stand."

Appellants contend in the instant case that the deed from George Young's administrator and the orders of the probate court authorizing and directing the sale are not subject to collateral attack. This contention cannot, we think, be sustained.

The case of Cline v. Niblo et al., 117 Tex. 474, 8 S.W.2d 633, 635, 66 A.L.R. 916, involved the sale of homestead property by the probate court for the purpose of paying a general creditor of the estate. In that case the Supreme Court said:

"We think the authorities are conclusive that it can be attacked because void for lack of jurisdiction over the subject-matter, although its void character may not appear on the face of the record. (Citing authorities.)

"The rule is stated in Ruling Case Law, supra, as follows:

" 'Ordinarily an order of the probate court directing the sale of the homestead of a decedent is void if made during the minority of his children or while his widow is unmarried and has not abandoned the homestead nor acquired any other in her own right.'

"Corpus Juris declares:

" 'Under sale in violation of homestead laws, the general rule is that a forced or involuntary sale of homestead premises in violation of the provisions of the homestead law confers on the purchaser no title thereto, nor any right of possession. * * * A common application of the rule is that, where land is in fact a homestead of the extent and value allowed by law, and not in excess thereof, an attempted sale thereof is void and conveys no title to the purchaser.' 29 Corpus Juris, p. 979, § 441.

"This authority also states the rule to be that the widow and minor children occupying a homestead are unaffected by the sale of the homestead, either with or without the order of the court. * * *

"We have various statutes the effect of which is to withdraw homestead property from the jurisdiction of the probate court and deny it power to administer the homestead estate except where debts exist for which such an estate is constitutionally liable. See, generally, R.S. arts. 3485, 3488, 3493, 3494, 3495, 3496, 3498, 3499, 3500, 3501. * * * The Constitution, in section 50, art. 16 [Vernon's Ann.St.], declares that the homestead of the family 'shall be, and is hereby protected from forced sale, for the payment of all debts except,' etc. Article 3499 in similar language exempts the homestead estate from liability for all debts of the decedent, except those for which it may be liable under the Constitution. These constitutional and statutory exemptions amount to a withdrawal of the homestead from the jurisdiction of probate courts in the absence of liabilities for which it may be held under the Constitution and statutes, as appears from the authorities cited and to be cited. * * *

"The authorities quoted from and others cited suffice, we think, to show that a probate decree directing the sale of homestead property for the ordinary debts of the estate, when heirs survive, is void, and may be attacked collaterally. To say that such judgments may be attacked collaterally, while the usual language employed by the courts, is not quite accurate. If the probate records show that the court has attempted to exercise a power which it does not have, the judgment is void on its face, amounts to nothing, and may be disregarded in any forum. Freeman on Judgments (5th Ed.) §§ 382, 395. In cases, however, where the vice in the decree does not ap-

pear on its face, and the judgment does not show that the homestead question has been adjudicated, the courts permit the true facts to be shown and the invalidity of the decree to be established aliunde the record."

Appellants contend that appellee has not proved title in herself and that appellee has failed to establish by finding or evidence homestead rights or interest at the time of the sale by the administrator. This contention cannot, we think, be sustained.

In the case of Goode et al. v. Davis et al., Tex.Civ.App., 135 S.W.2d 285, it was held that when the common source is shown, neither party need go farther back to establish a chain of title. In that case it was held that appellants had a right to introduce testimony in the development of their prima facie case, to show the source of appellees' title for the purpose of establishing common source.

 In the case of Hovel v. Kaufman et. al., 280 S.W. 185, 188, the Commission of Appeals, in an opinion which was adopted by the Supreme Court, said: "The correct rule is that, whenever a plaintiff, in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title. The substance of this general rule has been repeatedly announced by the Supreme Court. (Citing authorities.) * * *"

The courts of this State have uniformly held that the question of the abandonment of a homestead shall be left to the decision of the jury and that an appellate court is not at liberty to set aside the verdict unless it clearly appears from the record that the parties intended to abandon the property as a homestead. Under the record the verdict is not so contrary to the weight of the evidence as to justify this Court in setting it aside.

Appellants contend that the issue submitted to the jury was duplicitous and multifarious and that it was a comment on the weight of the evidence. This contention cannot be sustained. The sole question to be determined by the jury was whether the premises had been abandoned permanently as a homestead. The intention to return or not was the ultimate issue to be determined by the jury, whether it was made at the time they left the property or afterwards. In either instance, under the issue submitted, the jury would have been authorized to find that Young and appellee did not intend to return to or use the property as their homestead.

We have considered all other points of appeal presented by appellants in their brief. None of them in our opinion show error in the record which requires a reversal of the judgment.

Affirmed.