**W. A. LEWIS, Bankrupt, Appellant,**

v.

**MORRISON SUPPLY COMPANY, Creditor, and Edwin T. Stitt, Trustee in Bankruptcy, Appellees.**

No. 15787.

United States Court of Appeals
Fifth Circuit.

April 12, 1956.

Thomas J. Griffith, Jr., Lubbock, Tex., for appellant.

Thorp A. Andrews, Fort Worth, Tex., Edwin T. Stitt, County Judge, Midland, Tex., Robert C. Carson, Fort Worth, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from the order of the district court sustaining, without.

---

opinion, the findings, conclusions, and order of the referee that the bankrupt was not entitled to a business homestead in Odessa, which was claimed by him as exempt under art. 3833, Revised Civil Statutes of Texas.

The matter comes up in this way. On February 2, 1955, the appellant herein filed his voluntary petition in bankruptcy. He claimed as exempt as a business homestead under the Texas Homestead Law, Lot 5, Block 13, College Addition to the City of Odessa, in Ector County, Texas, the place where he had been conducting his plumbing business since 1945. No other property was claimed to be exempt. The Trustee in Bankruptcy allowed such exemption, but Morrison Supply Company, a creditor, objecting to its being set aside, a hearing was had.

The objecting creditor tendered evidence that on the date of bankruptcy the appellant resided in Midland, Texas, in a house owned by his second wife, whom he had married in 1954, and also some evidence tending to show that, though their corporate limits are not contiguous, Midland and Odessa are connected communities forming one cosmopolitan area.

Refusing to hear the bankrupt's further tendered evidence as to whether the cities constituted a single continuous urban area within the principle enunciated in Purdy's case, infra, he ruled in effect that the corporate limits of the cities were controlling, and that he would not consider any evidence as to the area between the corporate limits of Midland and Odessa, regardless of its development, use, and value, and the condition of urban settlement between the two cities.

Holding in effect, by his rejection of evidence, that his living with his second wife in a house owned by her in Midland, though the arrangement was only temporary, constituted conclusive evidence of the establishment of a residential homestead in Midland and prevented him from showing his and his wife's intention in regard thereto, the referee refused to hear any further evidence.

At the conclusion of the limited hearing allowed, the referee sustained the objections of the protesting creditor, found that the property in litigation was not the bankrupt's homestead, and ordered it delivered to the trustee in bankruptcy.

Appeal was duly perfected to the district court on a certificate more argumentative and advocative [1] than factual and judicial, with the referee taking the laboring oar in explanation and defense of his conclusions. The district judge, without opinion, affirmed the referee's order, and the bankrupt appealed.

Here he urges upon us that instead of trying it on its real issues, the referee tried the case on the wholly erroneous assumption that he had acquired a residence homestead in Midland and the equally erroneous assumption that, since the cities of Odessa and Midland are not contiguous and the bankrupt, though claiming a business homestead in Odessa, had admitted that he was on the date of the bankruptcy residing with his second wife in a house owned by her in Midland, he was thereby precluded from claiming his business homestead in Odessa. So urging, he insists that these assumptions are contrary to the preponderance of the evidence, indeed to all the evidence in the case.

Pointing to the undisputed evidence showing the establishment of a business homestead in Odessa, and insisting that to deprive him of it, the proof must have shown either an intentional abandonment of the business homestead in

---

1. "I respectfully call your Honor's attention to the following general order, Supreme Court of the United States, No. 47, that the court should accept the findings of the referee unless clearly erroneous. My findings are all based on evidence except where I have taken judicial notice or knowledge of matters mentioned hereinabove."

Odessa or the intentional establishment of a residence homestead in Midland, he urges upon us that the evidence established neither.

Pointing out that the denial of the homestead was based entirely on the fact alone that he had taken up a temporary residence in Midland and that under the authorities that fact is wholly insufficient to show abandonment, Smith v. Little, Tex.Civ.App., 217 S.W.2d 881; Hix v. De Phillipi, Tex.Civ.App., 216 S.W.2d 643; Gulbransen Co. v. Couch, 5 Cir., 61 F.2d 932; Nunn, Texas Homestead, 97; he insists that the testimony affirmatively established that he had not acquired a homestead in Midland, and further that the cities of Midland and Odessa, within the rule of Purdy v. Grove, Tex.Civ.App., 35 S.W.2d 1078 [2] and Rockett v. Williams, Tex.Civ.App., 78 S.W.2d 1077, form one integrated urban community permitting the homestead to consist of a residence in one community and a business in the other.

Citing Connelly v. Johnson, Tex.Civ. App., 259 S.W. 634; 40 C.J.S., Homesteads, §§ 30 and 32, pages 456–458; Nunn, Texas Homestead, 98; and 22 Texas Jurisprudence, "Homestead" Secs. 32, 38, 48, 49, 50 and 51; and Smith v. Little, supra, and Hix v. De Phillipi, supra, he further insists that the referee erred in holding that appellant could not, and neither could his wife, testify to facts showing their intention and acts.

Finally, he asserts that, as matter of law, the undisputed evidence, that he had acquired a business homestead, with none that he had abandoned it, required a judgment denying the creditor's petition and confirming the action of the trustee in setting the homestead aside to the bankrupt, and that the judgment affirming the order of the referee to the contrary should be here reversed and rendered.

It is a cardinal principle of the homestead laws of Texas that, while intention alone cannot make a homestead and intention and acts must coincide to do so, where they coincide the law must be liberally construed and applied to give effect to the exemption. Further, it is the law that, while the business homestead is ordinarily part of the residence homestead, a business homestead may exist without a residence homestead, 22 Tex.Jur., "Homestead", Sec. 192. Therefore, where, as here, the claimant has been for many years claimant and owner of a business homestead in the town of Odessa, neither the fact that he has no residence homestead there, Ayres v. Patton, 51 Tex.Civ.App. 186, 111 S. W. 1079, nor the fact that, marrying a second time and having no residence homestead at that time in Odessa, he temporarily arranged to live with his wife on her property in Midland, will defeat his claim. While, therefore, the referee unduly limited the testimony of the bankrupt and his wife, that their present living arrangements were only temporary and as to their intentions as to homestead, and in this he greatly erred, the evidence in support of the bankrupt's claim that he had established a business homestead in Odessa is uncontradicted, and there is no evidence showing or tending to show that he had abandoned it or established a residence homestead inconsistently therewith.

The judgment is accordingly reversed, and the cause is remanded with directions to disallow the petition of the objecting creditor and affirm the action of the trustee setting the homestead aside to the bankrupt.

2. "Municipal boundary lines in such cases, like the corporate existence of a city, town, or village, are unimportant considerations in determining the location of or the right to claim the urban homestead, or a part thereof." 35 S.W.2d at page 1081.