

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 22, 1962

Honorable J. A. Stanford
Assistant Administrator
Texas Liquor Control Board
201 East 14th Street
Austin, Texas

Opinion No. WW-1365

Re: Whether, on appeal from a
judgment restraining the
Liquor Control Board, the
judgment may be superseded.

Dear Mr. Stanford:

You recently requested an opinion of this office on the following question concerning the judgment entered in Cause No. 123,485, in the 53rd District Court of Travis County, Texas, styled Ammex Warehouse Company, Inc. v. Texas Liquor Control Board, et al.:

"Since an appeal has been taken from this judgment, may this judgment be superseded so that the Board may proceed to enforce the Texas Liquor Control Act with respect to present and future violations of said act by Ammex Warehouse Company, Inc., and other persons doing business with Ammex Warehouse Company, Inc., until such time as the Appellate Court renders its decision on the appeal?"

Article 2276, Vernon's Civil Statutes, provides:

"Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.

"Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."

See also Article 2072 and Article 279a, Vernon's Civil Statutes.

We first consider whether the Texas Liquor Control Board and its Administrator fall within the terms of the statute as "the head of any department of the State." Cases have held that the following are heads of the departments of the State and come under

the purview of this Article; Comptroller of Public Accounts, in a case involving a liquor license, Lane v. Hewgley, 155 S.W. 348 (Civ.App.), Commissioner of Insurance and Banking, Collier v. Smith, 169 S.W. 1108 (Civ.App.), Hall v. Eastland County, 254 S.W. 1113 (Civ.App.), Prison Commission of the State of Texas, Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S.W. 813, Texas Teacher Retirement Board, Teacher Retirement System v. Duckworth, 153 Tex. 141, 260 S.W. 632 (Civ.App., affirmed) 153 Tex. 141, 264 S.W.2d 98. These cases are indicative and we therefore hold that the Texas Liquor Control Board is a department of the State of Texas included within the meaning of Article 2276 and as such is not required to give bond on any appeal or writ of error taken by it under the terms of the statute.

The judgment attached to your opinion request was a comprehensive judgment entered on May 21, 1962. This judgment grants a permanent injunction against "The Texas Liquor Control Board, Summers A. Norman, W.D. Noel, and Wilson Heard, Jr., who together constitute the Texas Liquor Control Board, Coke Stevenson, Jr., Administrator of the Texas Liquor Control Act, and James Stanford, Assistant Administrator of the Texas Liquor Control Act, jointly and severally and their agents, employees, representatives, officers and attorneys," from "in any wise, directly or indirectly, interfering with, controlling, regulating or prosecuting, either civilly or criminally, the Plaintiff, Ammex Warehouse Company, Inc., in the operating and conducting of its business anywhere in the State of Texas . . ." The judgment also included the following paragraph:

> "To each of which findings, rulings and judgment the defendants, then and there, in open court, duly excepted, and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District, sitting at Austin, Texas."

This judgment, including the permanent injunction, is very similar to the judgment and injunction granted in the lower court and considered in Railroad Commission of Texas v. Jack Roberts, 332 S.W. 2d 745 (Civ.App. 1960) in which case the trial court had enjoined the Railroad Commission of Texas against carrying into effect one of its orders. The Railroad Commission gave notice of appeal to the trial court's judgment and then proceeded to implement the order. The trial judge issued an ancillary temporary restraining order against the Railroad Commission's action in carrying out its order after the granting of the permanent injunction. The Court of Civil Appeals in that case, at page 749, said:

"The effect of notice of appeal by and on behalf of the Railroad Commission was to supersede the final judgment entered by the 126th District Court on February 3, 1960. Article 2276, Vernon's Ann. Civ. St.; 3 Tex.Jur.2d, Appeal and Error--Civil, Sec. 354, p. 612."

The writ of prohibition requested by the Railroad Commission was not issued because the court was certain that the judge would comply with the opinion without the issuance of a formal writ of prohibition. See also Inmann v. Texas Land and Mortgage Company, 74 S.W.2d 124 (Civ.App., 1934) and Wallace v. Adams, 243 S.W. 572 (Civ.App., 1922, error dism.).

It is therefore our opinion under the authorities cited that when appeal was perfected by the State Liquor Control Board by giving notice of appeal in open court, which notice was included in the judgment, the judgment was superseded. The Texas Liquor Control Board may therefore proceed to enforce the Texas Liquor Control Act as their best judgment indicates against all parties to that suit.

## SUMMARY

The Texas Liquor Control Board being a department of the State is not required to post supersedeas bond in order to effectively supersede a final judgment of a trial court. When the appeal was perfected from a judgment against this State agency the judgment at that point was effectively superseded and the Texas Liquor Control Board may proceed to enforce the Texas Liquor Control Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:JKR

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Gilbert Hargrave
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore