**VISTRON CORPORATION et al.,**
**Appellants,**

**v.**

**R. E. WINSTEAD, Appellee.**

**No. 4766.**

Court of Civil Appeals of Texas,
Eastland.

March 21, 1975.

D. J. Brookreson, III, Seymour, for appellants.

William V. Browning, Wichita Falls, for appellee.

WALTER, Justice.

Vistron Corporation and Don Mooney, Sheriff, have appealed from a permanent injunction order. The statement of the case and the statement of the facts have been correctly stated by the appellant and they are as follows:

"Vistron Corporation, appellant herein, obtained judgment against R. E. Winstead, appellee herein on the 10th of January, 1974 for the sum of $4,694.44 on an open account. Such judgment was abstracted and a Writ of Execution was issued out of the District Court of the 50th Judicial District and delivered to the Sheriff of Baylor County, Texas, and at such time *as* R. E. Winstead, appellee, was notified of such Writ of Execution, he caused to be filed a petition for injunction and the Judge of the 50th Judicial District Court of Baylor County, Texas, granted a temporary restraining order, and after hearing, entered a judgment making such temporary order a permanent injunction. And such order restrained Vistron Corporation and Don Mooney, Sheriff of Baylor County, from

executing against the described real estate."

The appellants' point of error is as follows:

"The District Court erred in rendering judgment preventing the execution against the described real estate for the reason that such judgment in effect grants to the Appellee, R. E. Winstead, both an urban homestead situated in the City of Seymour, Texas, and a rural homestead situated in Baylor County, Texas."

R. E. Winstead resides with his wife and children in a home that he owns within the city limits of the incorporated city of Seymour, Texas. Mr. Winstead operates his fertilizer business on a 2.5 acre tract of land approximately two-tenths of a mile from the city limits of Seymour on the Wichita Falls highway. The record reveals that businesses are located on each side of the highway from the center of the city past Winstead's place of business. Winstead testified there were businesses close to and beyond his business on the highway. He named the Triangle Hotel, Venues Motel and MacDermott Equipment Company.

In Purdy v. Grove, 35 S.W.2d 1078 (Tex.Civ.App.—Eastland 1931, writ ref.), the court said:

" '* * * The urban homestead provided by the Constitution of Texas contemplates a lot or lots used for the purposes specified in such Constitution located in one urban community, whether governed by one or more municipal bodies, and not a lot or lots situated in widely separated urban communities."

That statement is a significant one, and indicates that municipal boundary lines in such cases, like the corporate existence of a city, town, or village, are unimportant considerations in determining the location of or the right to claim the urban homestead, or a part thereof.

* * * * * *

Evidently, as used in this provision of the Constitution (section 51, art. 16), 'a city, town, or village' means 'an aggregation of inhabitants and a collection of occupied dwellings and other buildings.' State ex rel. Wilke v. Stein et al. (Tex. Com.App.) 26 S.W.(2d) 182, 184. There would appear to be no legal obstacle to a family residence homestead being located in Dallas and a business homestead in connection therewith in Highland Park; the two adjoining municipalities being separated merely by a corporate line. The test would be, Are the parts of the one homestead located in one urban community?"

"We also cite in support and confirmation of the conclusions relating to the business homestead, Nunn on Exemptions, p. 125, an excellent text recently published. In discussing limitations, (a) to (h), under which property may be impressed with the homestead character, the author states:

'* * * (b) That there can be but one residence homestead.

'(c) That he can have but one business homestead, and such place of business is limited to one place.

'(d) That the business homestead or place of business, together with the urban residence homestead, must be located in the same city, town or village, in that the two together constitute but one homestead. * * *'

It follows that the four propositions under consideration are overruled."

In Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35 (1929), the Supreme Court said:

"The rule that homestead laws are to be liberally construed to effectuate their beneficent purpose is one of general acceptation."

In Connelly v. Johnson, 259 S.W. 634 (Tex.Civ.App.—San Antonio 1924, no writ), the court said:

"Liberal construction must be given to effectuate the purpose and intent of the framers of the Constitution, to protect the homestead right of the families."

We hold that Winstead's 2.5 acre tract of land described in the judgment is his homestead, and is not subject to forced sale. Lewis v. Morrison Supply Company, 231 F.2d 632 (1956).

We have examined appellants' point of error and find no merit in it. It is overruled.

The judgment is affirmed.