**In re Nat Hart DAVIS, Jr., Debtor.**

**Jonathan THORNBERRY and Philip Bahr, Appellants,**

v.

**Nat Hart DAVIS, Jr., Appellee.**

**Civ. A. No. H–92–2432.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 18, 1992.

---

**134**

Ben A. Baring, Jr., S. Bradley Todes, De Lange Hudspeth & Pitman, L.L.P., Houston, TX, for Jonathan Thornberry and Philip Bahr.

Robert R. Waldron, Waldron Schneider & Tow, Houston, TX, for Nat Hart Davis, Jr.

U.S. Bankruptcy Clerk, pro se.

## ORDER OF REVERSAL

HOYT, District Judge.

This is an appeal from an adverse ruling by a bankruptcy court taken by Jonathan Thornberry and Philip Bahr, creditors of Nat Hart Davis, Jr., appellants herein. The appellants seek de novo review of the bankruptcy court's determination that the *Texas Property Code* § 41.002(c) (Vernon Supp.1993), provides a definitive method for classifying a homestead as either rural or urban. After considering the appellants' brief, (the appellee failed to file a brief), the record on appeal and the applicable law, this Court concludes that the bankruptcy court incorrectly held that § 41.-002(c) provides a definitive method for determining the characteristic of a homestead under Texas law.

### PROCEDURAL/FACTUAL BACKGROUND

Nat Hart Davis, Jr., the debtor, filed for bankruptcy on July 29, 1991. He claimed as exempt his homestead, situated at 1405 League Line Road, Conroe, Texas. The home structure and surrounding land make up a total of 32.315 acres. Davis characterized the property as rural land and claimed the entire 32.315 acres as exempt homestead property.

Thornberry and Bahr, creditors of Davis, objected to Davis' claimed exemption. They argued that the homestead occupied by Davis was urban and thus, entitled him to claim only a one-acre exemption. The bankruptcy judge overruled the creditors' objection, concluding that the property was rural for purposes of the homestead exemption. In reaching this conclusion, the bankruptcy court determined that § 41.-002(c) provides a definitive method for classifying a homestead as rural or urban. The effect of this finding is that the fact finding scheme established by common law is ignored.

### Contentions:

The appellants contend that the bankruptcy court erroneously concluded that § 41.002(c) provides a definitive method for classifying a homestead as either urban or rural. They argue that such a holding results in overruling 100 years of Texas case law that sets forth the factors necessary for classifying a homestead as either, urban or rural. The appellants also argue that the Texas Legislature did not intend to change the current case law; rather, § 41.-002(c) was added as part of a bill relating to the necessary bond requirements for enjoining the foreclosure of an indigent's residential homestead. In this regard, they argue, the application of § 41.002(c)'s definition should be limited to foreclosure situations. Moreover, they argue, the legislative history of § 41.002(c), gives no indication that the statute was meant to apply beyond situations involving threatened foreclosures of homestead property.

### DISCUSSION

 A district court functions as an appellate court when reviewing a bankruptcy court's decision. *In re Matter of Webb,* 954 F.2d 1102 (5th Cir.1992). The standard of review depends on whether a finding of fact or conclusion of law is being reviewed. When findings of facts are reviewed, the clearly erroneous standard applies unless

the findings are based upon incorrect or inaccurate conclusions of law. *In the Matter of Missionary Baptist Foundation of America,* 818 F.2d 1135 (5th Cir.1987). Thus, where findings of facts are premised on an improper legal standard, that standard is not insulated by the clearly erroneous standard and is freely reviewable. *Id.,* at 1142.

■ Davis' claimed exemption, of the entire 32.315 acres, is permissible only if the property is in fact rural. Under Texas law, a person is entitled to a homestead exemption up to 200 acres, if the homestead can be characterized as rural. However, if the homestead is urban, the maximum exemption permitted is one acre.

Section 41.002(c) provides that a "[h]omestead is considered rural if at the time designation is made, the property is not served by municipal utilities and fire and police protection." Tex.Prop.Code § 41.002(c) (Vernon Supp.1993). The bankruptcy court determined that because the property was not serviced by municipal utilities, fire or police protection, the property should be characterized as rural.

■ Whether a homestead is rural or urban is a question of fact. *Fajkus v. First National Bank of Giddings,* 735 S.W.2d 882 (Tex.App.—Austin 1987, writ denied). That it is a question of fact is not changed by the addition of § 41.002(c). Thus, the traditional factors considered by the Texas courts are not to be overlooked. These factors require consideration of: "(1) the location of the land with respect to the limits of the municipality; (2) the situs of the lot in question; (3) the existence of municipal utilities and services; (4) the use of the lot and adjacent property; and (5) the presence or absence of platted streets, blocks, lots and the like." *Matter of Bradley,* 960 F.2d 502, 511 n. 18 (5th Cir.1992), (*citing Vistron Corp. v. Winstead,* 521 S.W.2d 754 (Tex.Civ.App.—Eastland 1975, no writ); *Rockett v. Williams,* 78 S.W.2d 1077 (Tex.Civ.App.—Dallas 1935, writ dism'd); *Purdy v. Grove,* 35 S.W.2d 1078 (Tex.Civ.App.—Eastland 1931, writ ref'd).

The Fifth Circuit Court of Appeals recently reviewed a similar decision where the debtors' homestead was characterized as rural. After a review of Texas homestead law, the court noted that it was "unclear whether § 41.002 applies in all homestead disputes." *Matter of Bradley,* 960 F.2d 502, 511 (5th Cir.1992). The Circuit Court nevertheless, concluded that "§ 41.002(c) might not displace the traditional common law definition of homestead in all cases" but at least "applie[s] in cases involving threatened foreclosures of homestead property." *Id.*

A look at the legislative history of the statute does not reveal that the legislature intended or even contemplated displacing the common law method of characterizing a homestead. *See* Debate on Tex.S.B. 642, 71st Leg. (May 1989). It appears that the section was added as an accompanying definition to another statute. 960 F.2d at 511 n. 18. Moreover, there is no indication that the legislature intended to extend this statute beyond situations involving threatened foreclosures of homestead property. Without evidence of any such an intent, this Court is reluctant to overrule 100 years of established Texas case law.

■ This Court concludes that Tex.Prop. Code § 41.002(c) (Vernon Supp.1993), does not provide a definitive method for classifying a homestead as rural or urban. Instead, the statute applies only in foreclosure situations where the issue of homestead status has already been resolved. Therefore, where the question of whether the property is entitled to homestead exemption and what type of exemption is appropriate, the traditional test remains. The bankruptcy court was required to utilize the factors traditionally used under Texas law and to record its findings of facts and conclusions of law.

Because the bankruptcy court based its findings of facts on an incorrect interpretation of law, the judgment is **REVERSED** and the case is **REMANDED** to the bankruptcy court to determine the characterization of Davis' property using the traditional factors outlined in this opinion.

Signed this 18th day of December, 1992.